JOHN W. PERKINS & another *vs.* JOHN C. DAVIS.

An action in which the defendant set up the statute of limitations was referred to an arbitrator, who reported that the defendant came from out of the state to a place within it in 1862, and in 1869 moved to another place in it, where he resided ever since; that from 1862 to 1869 he was boarding about half the time at the first place, and the rest of the time was travelling in the West or boarding in a neighboring state; and that he paid no board when away from that place, had no family there, left no person or property to represent him there when away, and never voted or paid taxes there; but that he testified that, from his first going to that place until he left it in 1869, he called it his place of residence and intended it as such. *Held*, that the arbitrator was authorized to find that the statute of limitations ran in the defendant's favor from his first coming into the state.

One who has brought a suit at the request and for the benefit of another can maintain an action against him for the costs and expenses without first making demand therefor.

CONTRACT. Writ dated March 28, 1870. The first count of the declaration was on an account annexed for goods sold to the defendant in 1861. The second count was for money paid by the plaintiffs at the request and for the use of the defendant. The case was referred to an arbitrator, who made the following report:

"I find that the defendant resided in New Hampshire until June 1862, when he sold out there, came to Amesbury in this state, and boarded there some four or five months at the same house ; that from the time of going there till the autumn of 1869 he boarded in Amesbury about three years and a half in all at different times, and during the remainder of that time was travelling out of the state in the West, or boarding in different places in New Hampshire (at one time for several months at Derry, unable to leave on account of sickness) ; that he paid his board only for the time he was in Amesbury, had no family there, and, when away from that town, had no room there and left no property or person to represent him there, and never paid taxes or voted there (but it did not appear that he paid taxes or voted at any other place during said time) ; and that in 1869 he bought a farm in Wilmington in this state, settled upon it, and resided there ever since. He testified that, from his first going to Amesbury till he went to Wilmington, he called and intended Amesbury as his place of residence, had no intent of having any other

place his place of residence during that time, and only paid his board at such other places. If these facts will in law authorize it, I find that the statute of limitations is a bar to the first count otherwise, that the account annexed to said count is correct, and that the plaintiff is entitled to recover the balance stated.

" As to the second count, I find that the defendant sent to the plaintiffs for collection, and not in payment of the above claim, a note of larger amount than the claim, but out of which, if collected, the claim was to be paid, signed by Henry W. Ripley and indorsed by the defendant, and which was overdue; that the plaintiffs brought a suit thereon in their names, with the knowledge and authority and for the benefit of the defendant, whose deposition was taken and used in the case ; that Ripley prevailed in the suit, and recovered an execution for costs against the plaintiffs, for $26.91, which the plaintiffs paid on May 22, 1869 ; that on October 1, 1869, they further paid $77.33 as the costs and charges of their attorney who managed and tried the case, which was a reasonable and necessary expense ; that the defendant knew, before he sent the note to the plaintiffs for collection, that Ripley claimed that he had a defence to the note ; and that the plaintiffs did not notify the defendant of such payment or make a demand on him therefor until this suit was commenced, because they could not till then find where he was. If these facts will in law authorize it, I find that the plaintiffs are entitled to recover on this count said sums of $26.91 and $77.33, with interest from the times of payment ; otherwise I find for the defendant on this count."

On this report the superior court ordered judgment for the defendant, and the plaintiffs appealed.

*J. F. McEvoy*, for the plaintiffs.

*C. P. Judd*, for the defendant.

MORTON, J. The statute of limitations is a bar to the first count of the plaintiffs' declaration, if the defendant acquired a domicil in this state more than six years before the date of the writ, and retained it to that time. His occasional and temporary absences from the state would not prevent the statute from running. *Collester* v. *Hailey*, 6 Gray, 517. *Langdon* v. *Doud*, 6

Allen, 423.    There was evidence before the referee, tending to show that the defendant left New Hampshire in June 1862, and came to Amesbury in this state to live, and that thereafter, until he moved to Wilmington in 1869, "he called and intended Amesbury as his place of residence."   If he came to Amesbury to reside, with the *bonâ fide* intention of making it his home, he thereby acquired a domicil there.   Whether he thus acquired a domicil, and whether he retained it for six years, were questions of fact to be determined by the referee.   *Thorndike* v. *Boston*, 1 Met. 242.   *Williams* v. *Roxbury*, 12 Gray, 21.   There was evidence in the case bearing upon these questions, and the finding of the referee thereon is conclusive.   *Cochrane* v. *Boston*, 4 Allen, 177.   It follows, that the plaintiffs are not entitled to recover on the first count.

The second count of the plaintiffs is for money paid to the use of the defendant and at his request.'   There was evidence tending to show that the plaintiffs paid the amounts claimed, for the benefit of the defendant and at his request.   The only defence set up to this claim is, that the plaintiffs did not notify the defendant of such payment, or make a demand on him therefor, before bringing this suit.   We are of opinion that no demand was necessary.   By the payment of the money at the defendant's request, a present debt arose in favor of the plaintiffs.   Nothing further was to be done by them; but upon the payment the law raised an obligation from the defendant to the plaintiffs to repay them.   No special demand and notice were necessary; but the bringing of the suit was a sufficient demand.   *Chaffee* v. *Jones*, 19 Pick. 260.   *Shaw* v. *First Methodist Episcopal Society in Lowell*, 8 Met. 223.   *Robinson* v. *Williams*, 8 Met. 454.   The result is, that the plaintiffs are entitled to recover the items included in their second count as found by the referee, with interest from the time of payment.      *Judgment for the plaintiffs accordingly.*