CITY OF BOSTON vs. WILLIAM J. DuWORS.

Suffolk. January 6, 1960. — February 12, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Taxation*, Real estate tax: collection by suit, due date. *Practice, Civil*, Premature action.

A tax on real estate assessed by a municipality to the owner of record in possession thereof on January 1, 1958, was "due and payable" when, after the following July 1, the amount of the tax was fixed and it was committed to the collector; and an action by the municipality under G. L. c. 60, § 35, as amended through St. 1946, c. 251, § 1, against the one so assessed to recover the tax, commenced in the following September after the tax had been committed to the collector, was not prematurely brought even though no bill for the tax had been sent to

the defendant or demand made on him prior to its commencement, and might be maintained notwithstanding that in October he applied for an abatement of the tax and the municipality took possession of the real estate.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 22, 1958.

The defendant appealed from an order by the Appellate Division dismissing a report after a finding for the plaintiff by *Lewiton, J.*

*Monto Rosenthal,* for the defendant.

*William H. Kerr,* (*Hector F. Cicchetti,* Assistant Corporation Counsel, with him,) for the plaintiff.

WHITTEMORE, J. The defendant shows no error in the order of the Appellate Division dismissing the report.

The evidence warranted finding these facts: the defendant on January 1, 1958, was the owner of record and in possession of Pier 2–4 Northern Avenue, Boston; the tax rate for 1958 was announced early in September, 1958; the defendant was assessed on this real estate, as of January 1, 1958, a tax of $118,714.50; on September 9, the assessors committed to the collector the taxes assessed as of January 1, 1958; an "advance bill" from the office of the collector-treasurer was mailed to the defendant in September; the defendant denied its receipt; this action to collect the tax was begun by trustee process on September 22. A second bill was mailed on October 10; the defendant applied for abatement on October 17; there was outstanding on the property a tax lien under a tax taking in 1955; on September 10, 1957, the city had filed a petition to foreclose that lien; a decree of foreclosure was entered October 29, 1958 (decree affirmed, *Boston* v. *DuWors,* 339 Mass. 773); the 1958 tax was not involved in that proceeding; the city took possession October 27, 1958.

We must take it that no bill was sent prior to September 22. Nevertheless the action was not premature. The tax was due and payable when it was committed to the collector. G. L. c. 59, § 57, as amended through St. 1949, c. 265, and c. 278. ("[B]ills . . . shall be sent out not later

than June fourteenth . . . and shall be due and payable on July first . . . .") G. L. c. 60, § 3, as amended through St. 1954, c. 444, § 2. ("An omission to send a notice under this section shall not affect the validity either of a tax or of the proceedings for its collection.")

The direction in c. 59, § 57, for sending bills, although in the chapter dealing with assessments, is, we think, addressed to the collector. See Nichols, Taxation in Massachusetts (3d ed.) pp. 360–361; G. L. c. 59, § 57; c. 60, § 3. In any event, the liability to pay the tax was not conditioned on the sending of a bill. The tax was due when, after July 1, its amount was fixed. There being a present obligation to pay, no demand was necessary. *Chaffee* v. *Jones,* 19 Pick. 260, 268. *Dill* v. *Wareham,* 7 Met. 438, 448. *Perkins* v. *Davis,* 109 Mass. 239, 241.

The collector can sue for a tax, committed to him, which "remains unpaid after it has become due and payable." G. L. c. 60, § 35, as amended through St. 1946, c. 251, § 1. Compare prior statute, G. L. c. 60, § 35, as appearing in St. 1938, c. 150, § 2. ("If a tax remains unpaid for three months after commitment to the collector, he may maintain an action . . . .")

An action may be brought notwithstanding the right to apply for abatement. G. L. c. 59, §§ 64, 65, 65B. *Old Colony R.R.* v. *Assessors of Boston,* 309 Mass. 439, 443. General Laws, c. 60, § 16, requiring demand before sale of the land, distraint of goods or arrest, is inapplicable to this action. *Spence, Bryson, Inc.* v. *China Prod. Co.* 308 Mass. 81, 88. General Laws, c. 60, § 17, which requires the collector to collect "in the manner provided by law" a tax upon real estate "within one year from October first in the year of assessment" does not bar action prior thereto. 1913 House Doc. No. 1803, p. 33. The plaintiff's possession of the property on and after October 27, 1958, is immaterial. See *Irving Usen Co. Inc.* v. *Assessors of Boston,* 309 Mass. 544, 545–546; *Squantum Gardens, Inc.* v. *Assessors of Quincy,* 335 Mass. 440, 452.

There was no finding based on and no request for ruling

addressed to the evidence that the defendant during several months in 1958 negotiated for the sale and lease of parts of the property and that the corporation counsel stated to a prospective purchaser and tenants that they should not enter into any agreement with the defendant as the plaintiff would soon own the land and that thereupon the prospective purchaser and the tenants "refused to complete the deals." Nothing is presented for review in respect of this evidence.

Our statutes have provided that there may be a suit for taxes before the taxpayer has received a bill and before interest accrues for nonpayment. This is not for delinquency, but to assure the receipt of taxes and is within the legislative province. The opinion in the Appellate Division of the Chief Justice of the Municipal Court of the City of Boston makes appropriate reference to the "paramount interest of public authority in assuring a stable and sound method of providing funds for the operation of government. In promoting this interest the legislative policy has been to disregard technical objections . . . . It was in this spirit that an omission to send a notice was declared to have no effect on a tax or a proceeding for its collection. G. L. c. 60, § 3. Of like tenor is § 19 of c. 60 of the General Laws [a special warrant for taxes not yet payable if assessors deem credit of taxpayer is doubtful or that he is about to leave the Commonwealth]."

*Order dismissing report affirmed.*