SINGER SEWING MACHINE COMPANY *vs.* ASSESSORS OF BOSTON.

Suffolk.   October 5, 1960. — December 6, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Taxation,* Appellate Tax Board: jurisdiction, plea in bar, failure to file answer; Real estate tax: abatement. *Evidence,* Of date of mailing, Affidavit, Prima facie evidence. *Mail. Words,* "Substantial evidence."

A "motion to divide issues" filed by assessors with the Appellate Tax Board objecting to the jurisdiction of the board to hear an appeal from a denial of an abatement of a real estate tax was properly treated by the board under Rule 16 of its Rules of Practice and Procedure as a plea in bar.   [515]

Where the petition on an appeal under formal procedure to the Appellate Tax Board from a denial by assessors of an application for abatement of a real estate tax alleged that the tax bill was sent on a specified date and that the appellant applied for the abatement within thirty days thereafter as required by G. L. c. 59, § 59, as amended through St. 1946, c. 199, and the assessors filed no answer to the petition and filed a plea in bar asserting that the tax bill was sent four days before the date of sending alleged in the petition and that the abatement application was not filed within the required period, it was open to the assessors to show the correct date of the sending of the bill as a fact bearing on the jurisdiction of the board notwithstanding the provisions of Rule 12 of the Rules of Practice and Procedure of the board and G. L. c. 58A, § 7, as amended, that if no answer is filed the allegation of overvaluation shall

be held to be denied and all other material facts alleged in the petition admitted. [516–517]

At a hearing by the Appellate Tax Board on a plea by assessors of a city objecting to the board's jurisdiction of an appeal from the assessors' denial of the appellant's application for an abatement of a real estate tax on the ground that the tax bill was sent to the appellant on a specified date and the application was not filed within thirty days thereafter as required by G. L. c. 59, § 59, as amended through St. 1946, c. 199, evidence merely that the tax bill which the appellant received had been made out, put in an addressed envelope, and taken to the mailing room of the city hall on the specified date did not constitute "substantial evidence" within the purview of the State Administrative Procedure Act, G. L. c. 30A, § 14 (8) (e), that the bill was mailed on that date and did not warrant the board's decision that it was without jurisdiction to hear the appeal. [517–519]

Testimony of a deputy collector of taxes of a city that all he did with respect to sending out a certain real estate tax bill was to place the bill in the mailing room of the city hall on a specified date destroyed the prima facie effect of a statement in an affidavit by him under G. L. c. 60, § 3, as amended by St. 1943, c. 166, § 2, that he personally sent the bill "by mail" on that date, and the affidavit, cast in a vague and unsatisfactory form, did not constitute "substantial evidence" that the bill was sent on that date. [519]

A city employee's insertion of a tax bill in a mail sack and placing of the sack in a vestibule of the city hall on a specified date for pickup by employees of the United States post office would not be the equivalent of a deposit of the tax bill in the post office on that date. [519–520]

APPEAL from a decision by the Appellate Tax Board.

*Claude R. Branch,* for the taxpayer.

*William H. Kerr,* for the assessors of Boston.

WILKINS, C.J.    The taxpayer appeals from a decision of the Appellate Tax Board which held that that board was without jurisdiction to hear an appeal from the refusal of the appellee board of assessors to abate a 1958 tax upon real estate at 55 Temple Place, Boston.[1]    G. L. c. 58A, § 13, as amended.    The petition, which was under formal procedure, alleged that on November 13, 1958, within thirty days after October 14, 1958, the date on which the tax bill was sent, the appellant applied for an abatement; that the appellees failed to act upon the application within three

---

[1] There is a similar appeal as to real estate of the appellant at 49–51 Temple Place which is awaiting final disposition of this appeal.

months of its filing; and that, therefore (see G. L. c. 59, § 64, as amended), the application is deemed to have been denied.

The appellees filed a "motion to divide issues," in which it was stated that the application for abatement of the tax was filed on November 13, 1958; that the tax bill or notice was first sent on October 10, 1958; and that under G. L. c. 59, § 59, the application for abatement "must have been filed" on or before the thirtieth day after the date on which the bill or notice was sent.[1] The "motion" asked that the issues be separately heard and that the appeal be dismissed.

There was a hearing, the testimony at which is before us. The tax board referred to Rule 16 of its rules, and treated the motion as a plea in bar. Its decision was as follows: "The board finds that it is without jurisdiction to hear this appeal for the reason that the tax bill or notice was first sent after September 1, 1958, and that the application for an abatement of the tax was filed with the appellee more than thirty days after the date on which the bill or notice was so sent."

1. Rule 16 of the Rules of Practice and Procedure of the Appellate Tax Board reads: "An objection to the jurisdiction of the Board not apparent on the pleadings may be raised by filing a plea in bar before issue is joined or at such other time as the Board may allow. . . ." There was no error in treating the "motion" as a plea in bar. This paper, without too much regard to its title, could be treated according to its substance. *Stein* v. *Clark,* 326 Mass. 767, 769, and cases cited.

2. The next question is the effect of the omission of the appellees to file an answer. The tax board granted the appellant's first request for rulings of law: "By virtue of

---

[1] This is not the situation primarily contemplated by the statutes. Bills for real estate and personal property taxes are required to be sent out not later than June 14 of each year. G. L. c. 59, § 57. The time for abatement is on or before October 1 "except as hereinafter otherwise provided." *Id.,* § 59. The present case falls within the quoted phrase because "the tax is other than a poll tax and the bill or notice was first sent after September first." *Id.,* § 59.

Rule 12 of the Appellate Tax Board[1] all material facts alleged in a petition under formal procedure (such as was filed in this case) other than the allegation of overvaluation are held to be admitted if no answer is filed by the appellee.'' The tax board denied the appellant's second request, which read, ''The appellee . . . has no right to challenge any material fact alleged in the petition, except that of overvaluation, and accordingly the motion of the appellee to dismiss the appeal . . . is denied.''

The appellees rely upon the well known principle that the question of jurisdiction can be raised at any stage of the proceedings. In *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, a taxpayer made application to the assessors for an abatement of a real estate tax but did not use a form approved by the commissioner of corporations and taxation as required by St. 1933, c. 266, § 1, amending G. L. c. 59, § 59. It was held that the board of tax appeals was without jurisdiction to grant an abatement, and their decision granting one was reversed. It was said (page 492), ''Since the remedy by abatement is created by statute the board of tax appeals has no jurisdiction to entertain proceedings for relief by abatement begun at a later time or prosecuted in a different manner than is prescribed by the statute.'' This is no occasion to reëxamine that ruling as applied to the precise facts. But we are of opinion that the principle of general application above quoted is sound and is decisive of this point in the present case. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 11. *Commonwealth* v. *Rodriquez*, 333 Mass. 501, 502, and cases cited. *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.* 334 Mass. 294, 297.

---

[1] Rule 12 of the Rules of Practice and Procedure of the Appellate Tax Board provides in part: ''In an appeal under G. L. (Ter. Ed.) c. 59, § 64 or § 65, as amended, if the appellee desires to raise no issue other than the question whether there has been an overvaluation of the property on which the tax appealed from was assessed, no answer need be filed, and if no answer is filed in such a case the allegation of overvaluation shall be held to be denied and all other material facts alleged in the petition or statement admitted.''

There is a provision substantially to the same effect in G. L. c. 58A, § 7, as amended: ''If no answer is filed . . . the allegation of overvaluation . . . shall be held to be denied and all other material facts alleged in the petition admitted.''

It was open to the appellees to show that the correct date of the sending of the bill or notice was October 10, 1958, notwithstanding failure to file an answer denying an allegation in the petition that that date was October 14, 1958. The case of *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110, did not deal with any jurisdictional fact. The case of *Rolfe* v. *Atkinson,* 259 Mass. 76, did. In *Barnes* v. *Springfield,* 268 Mass. 497, the petitioners were not permitted to invoke a jurisdiction and challenge it in the same proceeding. See *Moore* v. *Sanford,* 151 Mass. 285, 287.

The second request for a ruling was rightly denied.

3. It is unquestioned that if the bill or notice was sent on October 10, 1958, the application for abatement made on November 13, 1958, was too late. G. L. c. 59, § 59, as amended through St. 1946, c. 199.[1] But the appellant does contend that there was no substantial evidence to support the finding that the application for abatement was filed more than thirty days after the bill was sent. See State Administrative Procedure Act, G. L. c. 30A, § 14 (8) (e).[2] " 'Substantial evidence' means such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6). *Sinclair* v. *Director of the Div. of Employment Security,* 331 Mass. 101, 102, and cases cited. *O'Brien* v. *State Tax Commn.* 339 Mass. 56, 59.

All the witnesses were called by the appellees. Rita Conley, chief of the tabulating division of the assessing department, has the duty to see that real estate tax bills are printed and the amounts stamped on them. She personally takes the bills to the collecting department. The punch

---

[1] "A person upon whom a tax has been assessed . . . if aggrieved by such tax, may, except as hereinafter otherwise provided, on or before October first of the year to which the tax relates or, if the tax is other than a poll tax and the bill or notice was first sent after September first of such year, on or before the thirtieth day after the date on which the bill or notice was so sent, apply in writing to the assessors, on a form approved by the commissioner, for an abatement thereof, and if they find him taxed at more than his just proportion, or upon an assessment of any of his property in excess of its fair cash value, they shall make a reasonable abatement . . . ."

[2] (8) ". . . the court may set aside or modify the decision . . . if it determines that the substantial rights of any party may have been prejudiced because the agency decision is . . . (e) Unsupported by substantial evidence . . . ."

card from which was made the 1958 tax bill for the appellant's property was introduced in evidence.

Herbert J. Mellaly, deputy tax collector for ward 3, testified that after receiving the 1958 bills from the assessors the appellant's bills were put in a separate envelope. He had previously been instructed to send them care of the real estate department, *149* Broadway, New York city. After he wrote the envelope, it was taken to the mailing room to be mailed out with the rest of the bills. He put the bills in the envelopes but did not put them in the mail. The bills were sent to *159* Broadway.

Cornelius J. Connolly, principal account clerk in the central mailing unit of the city, received tax bills from the office of the tax collector on October 10, 1958. It was his duty to receive bills and correspondence from the various departments and to see that they were given to the post office for delivery. "It is my job to put them into what we call a postage machine and stamp them and to take the bills and put them in mail sacks and get them ready for the post office." He places bills in the vestibule for pickup by the post office, and sometimes when working overtime late at night he delivers them himself to the post office. He could not say for sure which he did on October 10, and he had no recollection whether any bill to the appellant was stamped by him or placed in one of the mail sacks.

An affidavit of Mellaly under G. L. c. 60, § 3, was introduced in evidence. This was filled in on a printed form. It was dated October 10, 1958, and read in part "That on the date specified in the subjoined schedule, I sent notice of the amount of his tax to each person assessed whose name appears under the designated letter in the 1958 Ward 3 Real Estate . . . List committed to the Collector of Taxes for the City of Boston, and That each notice was sent by mail, postpaid, directed to the town where the assessed person resided on January 1, 195–, or if he resided in a City, directed, if possible, to the street and number of his residence." No further date appeared in the subjoined schedule or in the body of the affidavit, which read, "Ward 3 R. E. Bills — 1958 A to Z."

An amendment to G. L. c. 60, § 3, made by St. 1943, c. 166, § 2,[1] reads, "An affidavit of the collector or deputy collector sending a tax bill or notice as to the time of sending shall be prima facie evidence that the same was sent at such time."

The oral testimony contained substantial evidence to support a finding that the bills were mailed at some time. See *Prudential Trust Co.* v. *Hayes,* 247 Mass. 311, 314–315. This cannot be open to doubt, for the appellant did receive them. But it does not follow that the time was sometime on Friday, October 10, 1958. The deputy collector in his testimony described his affidavit as stating that the bills in ward 3 were sent out on that date. Assuming that the affidavit did mean just that, his testimony also shows that the affidavit was in error in stating that he personally did the mailing. On his testimony all he did was to place the bills in the mailing room. It does not affirmatively appear that those bills were placed in the vestibule and taken by the postal department on the same day when he placed them in the mailing room. The drawing of such an inference would not be supported by substantial evidence.

The prima facie effect of the affidavit as to mailing on October 10, 1958, disappeared as a result of the deputy collector's own testimony. *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566–568. The appellees argue that the affidavit nevertheless remained evidence warranting the finding. But, bearing in mind the vague and unsatisfactory form of the affidavit and the misstated fact it contained, we are of opinion that the affidavit did not constitute substantial evidence supporting the finding.

The appellees cite *Johnson* v. *Brown,* 154 Mass. 105, 106, which held that the deposit of a notice in a post office box on the street was the same in legal effect as a deposit in a box at the post office. In accord, see *Tobin* v. *Taintor,* 229 Mass. 174 (mail chute in office building). The argument is then projected that placing bills in the vestibule of the city

---

[1] Later amendments are immaterial.

hall for pickup by postal employees had an equivalent effect. We do not agree. Possession of bills in envelopes resting in the vestibule was the possession of the city and not of the post office, and continued until the postal employees picked them up. As we have noted, there was no substantial evidence as to the date when they did take them.

The appellees also argue that the burden of establishing facts essential to the jurisdiction of the board was on the taxpayer. No such point is presented at the moment. The board's finding upon which lack of jurisdiction was based was without the supporting evidence made mandatory by statute. We shall not assume that a new hearing by the board will lead to an identical result.

4. The decision of the Appellate Tax Board is reversed and the case is remanded to the board for further proceedings in accordance with this opinion.

*So ordered.*