CITY OF FALL RIVER *vs.* STATE TAX COMMISSION.

Suffolk. February 6, 1975. — May 7, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Taxation,* Appellate Tax Board: plea in bar.

There was no error on the part of the Appellate Tax Board in allowing a plea in bar by an appellee although it was filed, without a motion for late filing, after the appellee had filed an answer. [682-683]

APPEAL from a decision of the Appellate Tax Board. The case was submitted on briefs.

*Brian R. Corey* for the city of Fall River.

*Robert H. Quinn,* Attorney General, *James P. Kiernan,* Assistant Attorney General, *& Howard Whitehead,* Legal Assistant to the Attorney General, for the State Tax Commission.

HENNESSEY, J. This is an appeal from the decision of the Appellate Tax Board (board) allowing the plea in bar of the State Tax Commission (commission). On May 31,

1974, the city of Fall River (city) filed an appeal with the board on the issue of equalized valuation of property in the city as determined by the commission. The commission filed an appearance and answer to the city's appeal on June 11, 1974. Thereafter, on June 25, 1974, the commission filed a plea in bar with the board. A hearing was held on July 15, 1974, before the board on the commission's plea in bar. At the hearing, the city argued that the commission's filing of its plea in bar fourteen days after it filed its appearance and answer, was in violation of the Rules of Practice and Procedure of the Appellate Tax Board (1972) specifically, Rule 13, Joinder of Issue, and Rule 16, Motions. The board rejected the city's argument and allowed the plea in bar. There was no error.

The city argues in substance that the commission could not as matter of right file a plea in bar after issue was joined, and that issue had been joined by the filing of the answer fourteen days before the plea was filed. The city relies in part on G. L. c 58A, § 8, which provides that "all proceedings [before the board] shall be conducted in accordance with such rules of practice and procedure as the board may make and promulgate." The city then cites Rule 16 of the board, which provides that an objection to jurisdiction of the board not apparent on the pleadings may be raised by filing a plea in bar before issue is joined or at such other time as the board may allow. Since no motion was filed by the commission for late filing of the plea in bar, the city argues that the board did not proceed in strict conformity with the statutes regulating its procedure. See *Levangie's Case,* 228 Mass. 213 (1917). The city further argues that, by Rule 37 of the board, the board's procedure is required to conform to that prevailing in equity causes in the Commonwealth and that the procedure followed in this case did not so conform, since Rule 28 of the Superior Court (1954) required that a plea may not be filed following the filing of an answer without the permission

of the court. See *Beauregard* v. *Dailey*, 294 Mass. 315, 326 (1936).

The commission responds with three arguments. We accept each and all of these contentions, and consequently we conclude that there was no error. First, it is shown that the rules of equity shall control only where the rules of the board do not otherwise provide. Rule 37 of the board. Rule 16 of the board expressly governs pleas in bar and requires no motion for late filing. Second, even if Superior Court rules apply, the date of hearing before the board (July 15, 1974) made the new Massachusetts Rules of Civil Procedure applicable. See "Transitional Rule," Mass. R. Civ. P. 1A, par. 3, 365 Mass. 731 (1974). The new rules also provide (Mass. R. Civ. P. 12[h][3], 365 Mass. 754 [1974]) that a claim of no subject matter jurisdiction may be filed at any time as matter of right; therefore no motion was necessary. Finally, and most persuasive, is the further provision of Rule 37 of the board, which negates the effort of the city here to establish that the formality of a motion was required, viz: "[T]he Board reserves the right to make hearings and proceedings as informal as possible, to the end that substance and not form shall govern, and that a final determination of all matters before it may be promptly reached."

For all of the reasons discussed above, the decision of the Appellate Tax Board is affirmed.

*So ordered.*