New Bedford Gas & Edison Light Co. v. Board of Assessors of Dartmouth.

NEW BEDFORD GAS AND EDISON LIGHT COMPANY
vs. BOARD OF ASSESSORS OF DARTMOUTH.

Suffolk.   May 7, 1975. — October 14, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Taxation,* Abatement: filing of application; Appellate Tax Board: appeal to board, jurisdiction.   *Appellate Tax Board,* Appeal to Supreme Judicial Court.

On findings by the Appellate Tax Board that the 1973 tax bills of a town were sent on August 31, 1973, and that a taxpayer's application for abatement was received by the assessors after October first of that year, the board properly concluded that under G. L. c. 59, § 59, as amended, the application had not been timely and that the board lacked jurisdiction to hear the taxpayer's appeal from the assessor's denial of the application.   [747-748]

On appeal from the denial by assessors of an application for abatement of taxes, the taxpayer's failure to make a timely request for an official report of the proceedings before any evidence was offered before the Appellate Tax Board, so that the record on appeal from its dismissal of the appeal to it contained no transcript of the evidence, precluded this court from considering the taxpayer's claim that a finding of the board was unsupported by substantial evidence, *notwithstanding a summary of the evidence* in the board's "Findings of Fact and Report."   [748-751]

A constitutional but nonjurisdictional question which was not raised before the Appellate Tax Board was not open in this court on an appeal under G. L. c. 58A, § 13, as amended, from the board's decision.   [751-752]

Failure of municipal authorities to send out tax bills on or before the date specified in G. L. c. 59, § 57, does not excuse a taxpayer from complying with the explicit timing requirements of § 59 for an application to the assessors for an abatement of the tax.   [752-753]

APPEAL from a decision of the Appellate Tax Board.

*Gerald May* for the taxpayer.

*Walter R. Smith,* Assistant Town Counsel, for the Board of Assessors of Dartmouth.

TAURO, C.J.   This is an appeal by New Bedford Gas and Edison Light Company (taxpayer) from a decision of the Appellate Tax Board (board) allowing a motion to dismiss its petition.

The taxpayer seeks abatement of certain local taxes on tangible personal property assessed for 1973 by the board of assessors of the town of Dartmouth (assessors) for the benefit of the town of Dartmouth and three fire districts. The taxpayer's petition, brought under the formal procedure (G. L. c. 58A, § 7), alleged that "[o]n or about September 15, 1973 . . . four bills or notices of taxes" were sent to the taxpayer, that these were received "about September 15, 1973," that "[o]n or about October 5, 1973" the taxpayer "applied in writing" on proper forms for an abatement of the taxes, and that on October 31, 1973, the taxpayer paid more than one-half of the taxes due (see G. L. c. 59, § 64).   The petition alleged further that the assessors "did not thereafter notify the . . . [taxpayer] of any action having been taken on said application" and that "therefore, the same is deemed to have been denied."   See G. L. c. 59, § 64.[1]

The assessors filed a motion to dismiss[2] the taxpayer's appeal to the board on the ground that the taxpayer's application for abatement had not been filed within the

_____

[1] The petition did not allege that the three-month statutory period for action by the assessors had expired.   G. L. c. 59, § 64.

[2] Rule 16 of the Rules of Practice and Procedure of the Appellate Tax Board (1974) reads in part:   "An objection to the jurisdiction of the Board not apparent on the pleadings may be raised by filing a plea in bar before issue is joined or at such other time as the Board may allow."   The assessors' motion to dismiss did not attack any matter apparent on the pleadings.   Although the motion to dismiss was not the appropriate procedure under the board's rules, "we prefer to treat the motion as it was considered by the board and the parties as setting up the question of fact whether the application was seasonably filed."   *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 512-513 (1940).   "This paper, without too much regard to its title, could be treated according to its substance."   *Singer Sewing Mach. Co.* v. *Assessors of Boston,* 341 Mass. 513, 515 (1960).

time prescribed by G. L. c. 59, § 59. After a hearing at which evidence was taken, the board allowed the assessors' motion and rendered a decision for the assessors. The taxpayer appealed. The appeal is before us now on the pleadings, certain exhibits and the board's "Findings of Fact and Report." There is no transcript of the proceedings.[3]

1. General Laws c. 59, § 59, as amended through St. 1974, c. 831, § 4, permits an application for abatement to be filed "on or before October first of the year to which the tax relates or, if the tax is other than a poll tax and the bill or notice was first sent after September first of such year, on or before the thirtieth day after the date on which the bill or notice was sent." Adherence to the schedule of application incorporated in G. L. c. 59, § 59, is an essential prerequisite to effective application for abatement of taxes and to prosecution of appeal from refusals to abate taxes. "[T]he time within which the application is to be made is not a mere matter of limitation but is an integral part of the right [to apply for abatement of taxes assessed], and the failure to apply within the prescribed time destroys the right." *Old*

---

[3] The taxpayer did not file a timely request for a stenographic transcript before any evidence was offered. See G. L. c. 58A, § 10; Rule 28 of the Rules of Practice and Procedure of the Appellate Tax Board (1974). After the adverse decision by the board, the taxpayer filed a motion to include the transcript of testimony taken by the board's stenographer in the record for appeal. A hearing was held and the motion was denied. The taxpayer does not challenge the board's denial of the motion in this appeal. Cf. *Fall River* v. *State Tax Commn.* 367 Mass. 681 (1975). The taxpayer's attorney expressly admitted this in oral argument.

In support of the board's denial of the motion, we note additionally that the relevant statute provides: "*For its own information only,* the board shall have stenographic notes of hearings taken and may have transcripts thereof prepared in proceedings which are not officially reported at the request of a party" (emphasis supplied). G. L. c. 58A, § 10, as appearing in St. 1933, c. 321, § 5. See Rule 28 of the Rules of Practice and Procedure of the Appellate Tax Board (1974), which expressly precludes use by the parties of the board's stenographic notes when there has been no proper request.

*Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 511-512 (1940). Accord, *Canron, Inc.* v. *Assessors of Everett,* 366 Mass. 634, 637, n. 4 (1975). Manifestly, there can be no appeal to the board on the merits after the right to apply to the assessors for abatement has been lost through failure to follow statutory procedures. "Since the remedy by abatement is created by statute the board . . . has no jurisdiction to entertain proceedings for relief by abatement begun at a later time or prosecuted in a different manner than is prescribed by the statute." *Singer Sewing Mach. Co.* v. *Assessors of Boston,* 341 Mass. 513, 516 (1960), quoting from *Assessors of Boston* v. *Suffolk Law Sch.* 295 Mass. 489, 492 (1936). Cf. *New England Trust Co.* v. *Assessors of Boston,* 308 Mass. 543, 544-545 (1941); *Commonwealth* v. *Rodriquez,* 333 Mass. 501 (1956).

In the instant case, after hearing evidence, the board found that the tax bills were sent to the taxpayer on August 31, 1973, and, pursuant to a stipulation of the parties, that the application for abatement dated October 5, 1973, was received[4] by the assessors on October 9, 1973. On these facts, the board quite properly concluded that the application had not been timely and that it lacked jurisdiction to hear the appeal.[5]

2. The taxpayer challenges the board's finding that the tax bill was sent on August 31, 1973, on the ground that the finding was not supported by substantial evidence.[6]

---

[4] The determinative date under the statute is the date of receipt of the application by the assessors, not the date of mailing by the taxpayer. *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 513 (1940).

[5] See part 4, *infra.*

[6] The taxpayer entitles its argument: "The finding . . . is not Warranted by the Subsidiary Findings." However, it is evident from the cases cited and the taxpayer's line of argument that the argument is directed to the substantiality of the evidence. The board's "Findings of Fact and Report" is pertinent primarily because it contains a summary of part of the evidence adduced at the hearing. The finding

368 Mass. 745                                                    749

New Bedford Gas & Edison Light Co. v. Board of Assessors of Dartmouth.

The taxpayer asserts that, when considered in light of testimony that "the bills were received in Cambridge on September 17, 1973,"[7] the assessors' evidence before the board was insufficient to support the board's finding that the bills were mailed on August 31.

An appellant may challenge the findings of the board on the ground that they are unsupported by substantial evidence. Although a 1968 amendment (St. 1968, c. 120) to G. L. c. 30A, the State Administrative Procedure Act, exempted the board from the provisions of the act, the board is still bound by "general principles affecting administrative decisions and judicial review of them." *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.* 355 Mass. 610, 612, n. 1 (1969). Cf. *Sherman* v. *Rent Control Bd. of Brookline,* 367 Mass. 1, 10-11 (1975). In accordance with such principles, findings of fact by the board must be supported by substantial evidence. *Schlaiker* v. *Assessors of Great Barrington,* 365 Mass. 243, 245, n. 2 (1974).

However, to invoke review by this court, an appellant must supply a proper record. The appellant has the duty to assemble such materials as will make it possible for the court to consider the points of law he raises. It seems axiomatic that one who challenges a factual finding of the board on the ground that it is not supported by substantial evidence must supply at least the relevant

that the tax bills were sent on August 31 is, itself, a subsidiary finding of the board requiring support from the evidence and not from other subsidiary findings.

[7] According to the board's "Findings of Fact and Report," the accountant for the taxpayer's parent company testified that he received the bills in Cambridge on September 17. However, some of the bills, which are included in the record, were addressed to the taxpayer's local office in New Bedford. At oral argument, the taxpayer's counsel conceded that these bills were first received in New Bedford. The record does not indicate when these bills were received locally and contains no evidence as to what happened to the bills before they reached the parent company's office in Cambridge. The taxpayer did not retain the envelopes in which the bills were mailed.

portion of the transcript of the hearing. Rule 8 (b) of the Massachusetts Rules of Appellate Procedure, 365 Mass. 849 (1974), incorporated by reference in G. L. c. 58A, § 13, as appearing in St. 1973, c. 1114, § 5, requires that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."[8] See G. L. c. 58A, § 10. In the context of appeals from the board and its predecessor, the Board of Tax Appeals, we have said repeatedly that "[s]o far as the [board's] findings are based upon unreported evidence they cannot be disturbed."[9] *Coomey* v. *Assessors of Sandwich,* 367 Mass. 836, 839 (1975), quoting from *Commissioner of Corps. & Taxn.* v. *J. G. McCrory Co.* 280 Mass. 273, 278 (1932). Accord, *Revere* v. *Revere Constr. Co.* 285 Mass. 243, 247 (1934); *Commissioner of Corps. & Taxn.* v. *Ford Motor Co.* 308 Mass. 558, 572 (1941); *DeCordova* v. *Commissioner of Corps. & Taxn.* 314 Mass. 371, 374 (1943). Cf. *Commissioner of Corps. & Taxn.* v. *Boston Edison Co.* 310 Mass. 674, 677-678 (1942).

In the instant case, the failure of the taxpayer to secure a copy of the transcript for inclusion in the record on appeal limits the scope of our review. Without the evidence before us, we cannot consider the taxpayer's claim that a finding of the board was unsupported by

---

[8] Although this rule does not specifically refer to questions of substantial evidence, we construe its language "unsupported by the evidence or is contrary to the evidence" to encompass such questions.

[9] This rule may require qualification when a party challenges the board's jurisdiction on appeal after a finding by the board that jurisdiction was proper. "Consent or waiver by the parties cannot confer upon a court or administrative tribunal jurisdiction over a cause which is not vested therein by the law." *Assessors of Boston* v. *Suffolk Law Sch.* 295 Mass. 489, 495 (1936). We reserve decision on what qualification may be necessary when an inadequate record seems likely to confer additional jurisdiction on the board.

substantial evidence. The summary of evidence contained in the board's "Findings of Fact and Report" is no substitute for a transcript. Before any evidence was offered, it was open to the taxpayer to request an official report of the proceedings. G. L. c. 58A, § 10. Rule 28 of the Rules of Practice and Procedure of the Appellate Tax Board (1974). Having neglected to make such a timely request, the taxpayer cannot now press a question of law concerning substantial evidence.[10]

3. The taxpayer also contends that the board's action in allowing the motion to dismiss denied it due process of law guaranteed by the Fourteenth Amendment to the United States Constitution. The taxpayer argues that the interval between September 17, 1973, the date on which it alleges the tax bill was received, and October 1, 1973, the date by which it would have had to file an application for abatement to comply with the jurisdiction requirements imposed by the board, was too short to afford it a practical opportunity to file for an abatement and obtain review of the assessors' determination. The taxpayer concedes that the constitutional question was not raised before the board, but asserts that an issue of constitutional law may be presented to this court although it was not argued before the board.

Once again, we do not reach the merits of the taxpayer's argument. General Laws c. 58A, § 13, as appearing in St. 1973, c. 1114, § 5, provides that "[t]he court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board." As the due process issue was not so raised, it is not properly before us. See, e.g., *Assessors of Worcester* v. *Knights of Columbus Religious Educ. Charitable & Benevolent Assn. of Worcester,* 329 Mass. 532, 534 (1952); *Assessors of Everett* v. *General Elec. Co.* 330

---

[10] The taxpayer's belated motion for inclusion of a transcript in the record for appeal could not preserve this issue for appeal. See n. 3, *supra.*

Mass. 464, 466 (1953); *Assessors of Dover* v. *Dominican Fathers Province of St. Joseph,* 334 Mass. 530, 535 (1956); *Cacciatore* v. *State Tax Commn. ante,* 149, 151 (1975). Although a limited exception to the statutory rule has been developed for jurisdictional questions, which entail a fundamental determination of the scope of the power conferred on the board by the Legislature and a cognate determination of the ability of the board to decide the case in the first instance (see *Assessors of Boston* v. *Suffolk Law Sch.* 295 Mass. 489, 495-496 [1936]), there is no such exception for constitutional questions such as the one argued here (see *Wellman* v. *Commissioner of Corps. & Taxn.* 289 Mass. 131, 139-140 [1935]). To raise a constitutional question on appeal to this court from the board, the taxpayer must present the question to the board and, in so doing, make a proper record for appeal. Otherwise, the taxpayer waives the right to press the constitutional argument. The authorities cited by the taxpayer in support of its right to argue the constitutional questions before us are inapposite.

4. As an adjunct to its due process argument (see part 3, *supra*), the taxpayer directs us to certain language in G.L. c. 59, § 57, as amended through St. 1973, c. 52, § 6: "Except as otherwise provided, bills for real estate and personal property taxes shall be sent out not later than June fourteenth of each year . . .." The taxpayer contends that this language is mandatory, that G.L. c. 59, § 59, must be read together with this language and that such reading guarantees the taxpayer three and one-half months as "the appropriate period for notice and opportunity to be heard." This argument, like the central due process argument, is not properly before us. There is no hint in the record that any such issue of statutory construction was raised before the board. *Cacciatore* v. *State Tax Commn. supra,* at 151. See authorities cited, *supra,* at 751-752. However, we add a few words to clarify procedure for the future. General Laws c. 59, § 59, establishes the time within which a tax-

payer may apply to the assessors for an abatement. The statute grants the taxpayer, at the minimum, thirty days from the day when the assessors send the tax bill. Irrespective of whether the above-quoted language in G. L. c. 59, § 57, is mandatory[11] (compare *Singer Sewing Mach. Co.* v. *Assessors of Boston,* 341 Mass. 513, 515, n. 1 [1960], with *Boston* v. *DuWors,* 340 Mass. 402, 403-404 [1960], and *Alves* v. *Braintree,* 341 Mass. 6, 11, n. 1 [1960]; see G. L. c. 60, §§ 3, 3A; see also St. 1943, c. 166), we discern in the language no legislative effort to amplify the time available for filing applications for abatement or to alter the jurisdictional requirements for appeals to the board. There is no indication in G. L. c. 59 that tardiness on the part of the authorities in the mailing of tax bills will excuse the taxpayer's noncompliance with the explicit timing requirements of G. L. c. 59, § 59. Our previous decisions have applied, and, when necessary, enforced these explicit requirements without variation. See, e.g., *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509 (1940); *Singer Sewing Mach. Co.* v. *Assessors of Boston,* 341 Mass. 513, 517-520 (1960); *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.* 355 Mass. 610, 618-619 (1969); *Canron, Inc.* v. *Assessors of Everett,* 366 Mass. 634, 638-640 (1975).

5. For the reasons discussed above, the appeal is dismissed.

*So ordered.*

---

[11] We do not now reach this point.