ABRAHAM COHEN, trustee, *vs.* ASSESSORS OF BOSTON.

Suffolk.    March 5, 1962. — May 4, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Taxation,* Appellate Tax Board: jurisdiction, plea in bar, rules, appeal to Supreme Judicial Court, informal procedure, findings; Real estate tax: abatement. *Evidence,* Judicial notice.    *Law or Fact.*

This court took judicial notice of the Rules of Practice and Procedure of the Appellate Tax Board (1959).    [269]

Upon an appeal to the Appellate Tax Board under the informal procedure established under G. L. c. 58A, § 7A, as appearing in St. 1945, c. 621, § 3, from an alleged denial by assessors of the appellant's application for an abatement of a real estate tax, the board was not barred by any provision of Rules 12, 13, and 16 of its Rules of Practice and Procedure (1959) from hearing a plea in bar of the assessors objecting to the board's jurisdiction on the ground, "not apparent on the pleadings," that the appellant had not filed an application for abatement with the assessors, even though the assessors filed no answer and the plea in bar was filed more than thirty days after service on them of the appellant's statement under such procedure.    [269–271]

Upon an appeal to the Appellate Tax Board under the informal procedure established under G. L. c. 58A, § 7A, as appearing in St. 1945, c. 621, § 3, from an alleged denial by assessors of the taxpayer's application for an abatement of a real estate tax, allowance by the board of a plea in bar by the assessors objecting to the board's jurisdiction on the ground, "not apparent on the pleadings," that the taxpayer had not filed an application for abatement was not a question "of law raised by the pleadings" within the exception in the taxpayer's waiver of right of appeal to this court.    [271]

A decision by the Appellate Tax Board, dismissing for lack of jurisdiction an appeal under the informal procedure established under G. L. c. 58A, § 7A, as appearing in St. 1945, c. 621, § 3, from an alleged denial by assessors of an application for an abatement of a real estate tax which the appellant's statement under such procedure alleged had been filed with the assessors, was a general finding and, in the absence of any agreed facts or report of findings by the board, imported all the subsidiary findings necessary to support it, including a finding in accordance with an allegation in a plea in bar by the assessors that no application for abatement had been filed by the appellant.    [271]

APPEAL from a decision by the Appellate Tax Board.

*James F. Sullivan,* for the taxpayer.

*William H. Kerr,* (*Alexander J. Gillis,* Assistant Corporation Counsel, with him,) for the Assessors of Boston.

WILKINS, C.J. The taxpayer appeals from a decision of the Appellate Tax Board dismissing for want of jurisdiction his appeal based upon an alleged failure of the appellee board of assessors to abate a 1960 tax upon real estate at 101 Causeway Street, Boston. G. L. c. 58A, § 13, as amended. The statement, under the informal procedure prescribed by G. L. c. 58A, § 7A, as appearing in St. 1945, c. 621, § 3, alleged that the tax was paid on October 31, 1960; that on September 23, 1960, the appellant applied in writing to the appellee for an abatement; and that the appellee failed to act on the application prior to the expiration of three months from the date of filing. If a board of assessors so fails to act, the application is deemed to be denied. G. L. c. 59, § 64, as amended.

On July 17, 1961, the appellee board of assessors filed a plea in bar, which stated that ''there is an issue or issues not apparent on the pleadings which is sufficient in itself to determine the decision of the board and in support thereof assigns the following: No application for abatement of the tax for the year 1960 on the property at 101 Causeway Street was ever filed with the Board of Assessors of the City of Boston.'' On September 13 the plea in bar was allowed, and the appeal was dismissed for lack of jurisdiction.

The appellant counters with the contention that the Appellate Tax Board (the board) itself had no jurisdiction to hear the plea in bar (no answer having been filed), where the plea was filed more than thirty days from service on March 9, 1961, of the appellant's statement under informal procedure. He relies upon Rules 12, 13, and 16 of the Rules of Practice and Procedure of the Appellate Tax Board (1959). There is no obstacle to our taking judicial notice of these rules, which are readily accessible to us as a State publication. The board is to all intents and purposes a tax court. We always notice the rules of inferior courts whose cases come before us. The rules of the board are necessarily before it in all the cases which it hears.

The rules were enacted pursuant to G. L. c. 58A, § 7A, which requires the board to establish by rule an informal

procedure as an alternate to the formal procedure provided by c. 58A, § 7, as amended.

Other provisions of § 7A are: "An appellant desiring to be heard under the informal procedure . . . shall file a written waiver of the right of appeal to the supreme judicial court, except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board . . . . No further pleadings shall be required under this procedure if the appellee intends to offer no other defense than that the property was not overvalued; otherwise it shall file with the board within thirty days of the service of such statement an answer similar to that required under the procedure provided by section seven, hereinafter referred to as the formal procedure." Section 7 provides: "If no answer is filed in such a case, the allegation of overvaluation of such property shall be held to be denied and all other material facts alleged in the petition admitted."

Rule 12[1] makes express what is contained in § 7A when read in connection with § 7. Rule 13 provides that the proceeding shall be deemed to be at issue upon the expiration of thirty days from the service of the statement if no answer is filed in that time.

Rule 16 reads in part, "An objection to the jurisdiction of the board not apparent on the pleadings may be raised by filing a plea in bar before issue is joined or at such other time as the board may allow." The last phrase is clear in meaning. It cannot be denied that the board did allow the plea to be filed. But, even more fundamentally, the board could not by any rules confer upon itself a jurisdiction which is lacking.

---

[1] Rule 12 provides in part: "In case the appellee desires to answer, he shall file his answer with the clerk within thirty days of the service of the petition or statement, or, in appeals under the formal procedure, within such further time as the board may allow. In an appeal under G. L. (Ter. Ed.) c. 59, § 64 or § 65, as amended, if the appellee desires to raise no issue other than the question whether there has been an overvaluation of the property on which the tax appealed from was assessed, no answer need be filed, and if no answer is filed in such a case the allegation of overvaluation shall be held to be denied and all other material facts alleged in the petition or statement admitted."

The appellant's arguments do not give proper weight to the fact that a question of jurisdiction was raised. In this aspect the case at bar is completely governed by *Singer Sewing Mach. Co.* v. *Assessors of Boston,* 341 Mass. 513.

We can sympathize with the predicament of the appellant but, so long as G. L. c. 59, § 59 (as amended through St. 1946, c. 199, § 1), makes the filing of an application for abatement with the assessors a foundation of jurisdiction in the board (see *Assessors of Boston* v. *Suffolk Law Sch.* 295 Mass. 489, 492), the decision of the board was inevitable.

The appellant's waiver of the right of appeal to this court precludes many arguments he seeks to make. There was no "agreed statement of facts" nor report of the board. All that is left by the waiver required by § 7A are questions of law raised by the pleadings. *Milchen Furniture Co. Inc.* v. *Assessors of Quincy,* 335 Mass. 766. The allowance of the plea in bar is not such a question of law. The appellant is in no position to contend that there was no substantial evidence to support the board's decision. Nor is there validity in his contention that there was no express finding contrary to the allegation in the petition that an application for abatement was filed on September 23, 1960. The board's decision, which was a general finding, imported a finding of all the subsidiary facts necessary to support it. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 90. *Gallo* v. *Foley,* 299 Mass. 1, 5. *Styrnbrough* v. *Cambridge Sav. Bank,* 299 Mass. 22, 23. One such fact is that no application for abatement had been filed. The appellant can derive no help from a document improperly included in the record and marked exhibit 1 which his brief states is a photostatic copy of an abatement petition "offered in evidence."

*Decision affirmed.*