BOARD OF ASSESSORS OF HOLBROOK *vs.*
CHARLES E. DENNEHEY & another.

Suffolk.  March 5, 1970. — April 9, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Value. Evidence,* Of value. *Taxation,* Real estate tax: abatement; Appellate Tax Board: informal procedure, appeal to Supreme Judicial Court.

Where taxpayers appealed to the Appellate Tax Board under the informal procedure authorized in G. L. c. 58A, § 7A, from a refusal of the tax assessors of a municipality to abate a tax on property the assessed value of which did not exceed $20,000, and the assessors did not elect to have the appeal heard under the formal procedure and appealed to this court from a decision by the board reducing the assessed valuation and granting an abatement, the assessors could not be deemed to have waived the right to appeal as to "matters of law" under § 13, and the scope of review on their appeal was not limited to "questions of law raised by the pleadings" but encompassed all issues of law raised before the board. [244–245]

An opinion of the owner of real estate that its value was a certain amount was sufficient evidence to support a decision by the Appellate Tax Board reducing to that amount the assessed valuation of the property. [245]

APPEAL from a decision of the Appellate Tax Board.

The case was submitted on a brief.

*Charles A. George* for the Board of Assessors of Holbrook.

SPALDING, J.   The board of assessors of Holbrook (assessors) assessed a parcel of real estate of Charles E. and Pearl T. Dennehey (taxpayers) at $16,440 for the years 1966, 1967, and 1968. From the assessors' refusal to grant tax abatements, the taxpayers appealed to the Appellate

Tax Board (board) under the informal procedure authorized in G. L. c. 58A, § 7A. The board rendered a decision reducing the assessed valuation of the taxpayers' property to $12,000, and granted abatements accordingly. The assessors appealed. There was no statement of agreed facts or report by the board.

At the hearing before the board, Dennehey testified that the taxpayers had purchased the property some fourteen years before for $12,500. He described several improvements made to the property, including the conversion of a garage into living space, the addition of a back shed, and the installation of insulation and knotty pine paneling. There was further evidence that this lot covered 15,592 square feet, had considerable frontage, was one of the largest lots in the area, and one of the few that still had trees standing. One of the town assessors testified as to assessment procedures, and stated that the valuation of the taxpayers' property was comparable to other properties (taxpayers' property was one of 139 lots known as Revere Acres Development). There was evidence of a general appreciation of property values in Holbrook since 1955. After the board's decision in favor of the taxpayers, the assessors filed motions to reconsider, and for a new trial. Both motions were denied and exceptions taken by the assessors.

An appeal from the board's decision under the informal procedure is limited to "questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board," G. L. c. 58A, § 7A, where the party appealing from the board's decision is the appellant before the board, or where the assessed valuation of the property concerned exceeds $20,000 and the appellee before the board does not elect to have the appeal heard under the formal procedure. In all other cases an appeal as to "matters of law" may be taken to this court from any decision of the board "by either party to the proceedings . . . who has not waived such right of appeal." G. L. c. 58A, § 13 (as amended through St. 1968, c. 120, §§ 2–4). Since the assessors were not appellants before the board under the in-

formal procedure, and the value of the property does not exceed $20,000, the assessors cannot be deemed to have waived the right to appeal as to "matters of law" under § 13. The scope of the present review is therefore not limited to "questions of law raised by the pleadings," but encompasses all issues of law raised before the board.

We are of opinion that the board's decision was supported by evidence and must stand. To be sure, the only evidence supporting the $12,000 valuation determined by the board was Dennehey's opinion that this was the value of the land. But as an owner of the property in question, he "is assumed to have a knowledge of his property adequate to form an intelligent estimate of its value." *Wooley* v. *Fall River*, 220 Mass. 584, 589. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 503–504. His opinion of the value of the property was therefore competent evidence on which the board could rest its decision as to the fair cash value of the property. The board's denial of the assessors' motions to reconsider and for a new trial reveals no error of law.

The decision of the board is affirmed.

*So ordered.*