BOARD OF ASSESSORS OF NEEDHAM *vs.* E. J. BLEILER EQUIPMENT CO., INC. February 8, 1974. The board of assessors of Needham (assessors) appeals from a decision of the Appellate Tax Board (board) granting abatements of certain 1970 and 1971 motor vehicle excises assessed against E. J. Bleiler Equipment Co., Inc. (taxpayer). The taxpayer was the holder of eighteen "dealer plates" for use in its business of selling heavy equipment to contractors and others. The excises stated to be due amounted in each year to $1,800, based on "18 plates @ $100." General Laws c. 60A, § 1, as amended, requires the assessment of a motor vehicle excise on a vehicle "owned or controlled by a dealer to whom there has been issued a general distinguishing number or mark" (a) if no written application for exemption has been filed, and (b) even if such an application has been filed, if such a motor vehicle is used over the highways for the personal use or convenience of the owner or controller of the vehicle or the personal use and convenience of his family or any other person. Neither party requested the board to make findings of fact and a report thereof. In the absence of such a request, "all parties shall be deemed to have waived all rights of appeal to the supreme judicial court upon questions . . . as to whether a finding was warranted by the evidence." G. L. c. 58A, § 13, as amended through St. 1969, c. 692. Therefore all questions concerning matters of fact, including the sufficiency of the evidence to warrant the board's decision, are closed to the assessors on these appeals. See *Assessors of Lynn* v. *Zayre Corp., ante,* 335 (1973). No requests for rulings of law were presented to the board by the assessors. In their claim of appeal the assessors assert two errors of law. They claim that at least some of the taxpayer's vehicles were used for personal use or convenience, according to evidence from an officer of the taxpayer (a point at best only inferentially considered in the assessors' brief and thus probably waived). They claim also that the taxpayer conceded that no application for a dealer's exemption under G. L. c. 60A, § 1, was filed for the taxable year 1970. We need not consider these issues if there is a basis for the board's decision apart from these asserted errors. The board could have found that the excises

were imposed on the dealer's plates and not on the taxpayer's vehicles. An assessment of a motor vehicle excise on dealer's plates, as opposed to vehicles, is not authorized by G. L. c. 60A, § 1. The assessments were therefore not proper. The matters asserted by the assessors as errors of law would have been important only if the excises had been imposed on the taxpayer's vehicles, as provided in G. L. c. 60A, § 1. The decision of the board is affirmed.

*So ordered.*

*William A. Cross,* Town Counsel, for the Board of Assessors of Needham.
*Kenneth A. Sweder* for the taxpayer.