BOARD OF ASSESSORS OF KINGSTON *vs.* ROBERT D. SGARZI
& another.[1]

Suffolk.   March 6, 1975. — May 28, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Taxation,* Real estate tax: assessment, abatement; Appellate Tax
Board: informal procedure, appeal to Supreme Judicial Court.

Where taxpayers appealed to the Appellate Tax Board under the in-
formal procedure concerning property with an assessed valuation
of less than $20,000, the questions of law open on an appeal by
the assessors to this court from the board's decision were not limit-
ed to those left open by a waiver under G. L. c. 58A, § 7A.  [841-
842]

The absence of a stenographic transcript of a hearing before the Ap-
pellate Tax Board did not bar assessors from arguing that two ex-
hibits in evidence before the board and presented to this court on
an appeal from the board's decision conclusively established the
fair market value of certain realty.  [842]

The Appellate Tax Board could find that taxpayers were entitled to
an abatement on the ground that the assessment of their realty had
been disproportionate and discriminatory even if the assessors were·
correct in asserting that certain exhibits provided irrebuttable evi-
dence of a fair market value of that realty in excess of the assessed
value.  [842-843]

Where the record on an appeal by assessors to this court from a de-
cision by the Appellate Tax Board contained no statement of
agreed facts, report by the board or transcript of the hearing before
it but only two·exhibits not precluding the board's decision, it
must be assumed by this court that there was sufficient evidence
before the board to support its decision, and its decision must be
affirmed.  [843-844]

[1] Edward H. Valla.

APPEAL from a decision of the Appellate Tax Board.

*Phillip S. Cronin,* Town Counsel, for the Board of Assessors of Kingston, submitted a brief.

TAURO, C.J. The board of assessors of Kingston (assessors) assessed a parcel of real estate owned by Robert D. Sgarzi and Edward H. Valla (taxpayers) at $6,000 for the year 1973. The taxpayers paid the tax[2] as assessed and, thereafter, made application to the assessors for an abatement of the tax. From the assessors' refusal to grant a tax abatement, the taxpayers appealed to the Appellate Tax Board (board) under the informal procedure. G. L. c. 58A, § 7A. The board rendered a decision reducing the assessed valuation of the parcel to $1,800 and granted an abatement of the tax paid. The assessors appealed. There was no statement of agreed facts, report by the board, or transcript of the proceedings.[3]

1. In appeals brought under the informal procedure, the appellant must "file a written waiver of the right of appeal to the supreme judicial court, except upon questions of law raised by the pleadings or by an agreed statement of facts or shown by the report of the board." G. L. c. 58A, § 7A (as amended through St. 1972, c. 684, § 3). A similar waiver is deemed to occur when the property carries an assessed valuation in excess of $20,000 and the appellee does not elect to transfer the case to the formal procedure. G. L c. 58A, § 7A. In the instant case, the assessors were not appellants before the board and the property's assessed value did not exceed $20,000. Consequently, the scope of the instant appeal is not

---

[2] The tax assessed was $560.40.

[3] The informal procedure was set up to expedite hearings of tax appeals and to reduce expenses of litigation. Report of findings is discretionary with the board. *Leen* v. *Assessors of Boston,* 345 Mass. 494 (1963). It was open to the assessors to request a transcript of the proceedings in order to prepare for appeal. G. L. c. 58A, § 7A. See *Assessors of Holbrook* v. *Dennehey,* 357 Mass. 243, 244 (1970).

limited to the questions of law which would have remained after the above-mentioned waivers. *Assessors of Holbrook* v. *Dennehey*, 357 Mass. 243, 245 (1970).

2. The assessors present for our consideration two exhibits, which were introduced in evidence before the board. Exhibit A is a certified copy of a deed of purchase for the taxpayers' property which lists the consideration paid by the taxpayers for the property as $15,000. Exhibit B is a certified copy of a deed by which, on October 1, 1973, the taxpayers conveyed .55 acres of the 12.95 acre property for a consideration stated to be $1,000. The assessors argue that these exhibits "established irrebutable [*sic*] evidence of the fair market value of the real estate" and, as matter of law, should have precluded any decision for the taxpayers by the board.

The assessors entitle their argument "The Board's Decision was Not Supported by the Evidence." As we noted above, we have no transcript before us. While we held in *Coomey* v. *Assessors of Sandwich, ante,* 836 (1975), decided this day, that the absence of a transcript would bar an appellant from raising questions as to the sufficiency of evidence to support a decision of the board, we do not believe that the absence of a transcript precludes the assessors' argument in the instant case. Despite the title given the argument, we construe it as fundamentally different from those arguments raised by the taxpayers in *Coomey.* The substance of the argument goes not to the question whether evidence warranted the board's decision, but to whether any decision for the taxpayers is possible as matter of law in the light of these exhibits. The reported evidence (the exhibits) comprises all of the evidence pertinent to the legal issues raised by the assessors for our decision.

3. There is no merit in the assessors' argument. The taxpayers brought their appeal to the board on the theory that their property had been "disproportionately as-

sessed."[4]   Even if we were to assume arguendo (and we do *not* decide this point) that the exhibits did provide irrebuttable evidence of fair market value, the exhibits would not necessarily thwart the taxpayers' claim of entitlement to an abatement on the ground that the assessment was disproportionate.   ". . . [T]he right of the taxpayer whose property alone is taxed at 100 per cent of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. . . ." *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. 366, 373 (1965), quoting with approval from *Sioux City Bridge Co.* v. *Dakota County, Nebraska,* 260 U. S. 441, 446 (1923).   Accord, *Coomey* v. *Assessors of Sandwich, supra,* at 837-838 (1975). A taxpayer who establishes the existence of a scheme of disproportionate assessment which discriminates against his property "may be granted an abatement . . . which will make the taxpayer's assessment proportional to other assessments." *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. at 377 (1965).   *First Natl. Stores, Inc.* v. *Assessors of Somerville,* 358 Mass. 554, 559 (1971).

On the meager record in this appeal, we must assume that the taxpayer introduced sufficient evidence before the board to establish the existence of a scheme of discriminatory, disproportionate assessment.   In this respect, entry of the decision in the instant case by the board carries the same effect as entry of a decree by a judge sitting in equity when the full transcript of evidence is not reported and no report of material facts is made.   Cf. *Commissioner of Corps.* & *Taxn.* v. *J. G. McCrory, Co.* 280 Mass. 273, 278 (1932).   "The board's decision, which was a general finding, imported a finding

---

[4] The language is drawn from the taxpayers' "Statement under Informal Procedure."

of all the subsidiary facts necessary to support it."
*Cohen* v. *Assessors of Boston,* 344 Mass. 268, 271 (1962).
See *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 561 (1938);
*Ryan* v. *Superintendent of Schs. of Quincy,* 363 Mass.
731, 736 (1973). "In the absence of a report of the evi-
dence or a report by the . . . [board] of the material facts
found . . . , the only question open is the power of the
. . . [board] to enter a decree upon any evidence which
might have been presented." *Dunn* v. *McSweeney,* 338
Mass. 270, 273 (1959).

The two exhibits are not inconsistent with the facts as
to disproportionate assessment which the board could
have found. Accordingly, the board could properly
grant the taxpayers an abatement despite introduction of
the exhibits by the assessors.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*