Roda Realty Trust & others[1] *vs.* Board of Assessors
of Belmont.

Suffolk.  November 4, 1981. — March 4, 1982.

Present: Hennessey, C.J., Liacos, Nolan, & Lynch, JJ.

*Taxation*, Appellate Tax Board, Abatement: filing of application.

Where there was no indication that a taxpayer ever requested the Appel-
late Tax Board to hold an evidentiary hearing on the timeliness of an
application for abatement of real estate taxes, or that the taxpayer
sought to present any evidence other than an affidavit filed by it, this
court did not consider whether the Board was required to hold an evi-
dentiary hearing before dismissing the taxpayer's appeal. [495]
An affidavit filed with the Appellate Tax Board by a municipal collector
of taxes, stating that real estate tax notices had been sent on October 17,
1980, was prima facie evidence that the notices had been sent on that
date and not on October 23 as alleged by the taxpayer and warranted
the Board in concluding that the taxpayer's application for abatement
on November 18, 1980, was not timely under G. L. c. 59, § 59. [495-
496]

Appeal from a decision by the Appellate Tax Board.

*Arnold E. Cohen* for the taxpayer.

*John W. Fieldsteel* for Board of Assessors of Belmont.

Lynch, J.  The taxpayer appeals from a decision of the
Appellate Tax Board (board) dismissing for lack of jurisdic-
tion its appeal from the refusal of the board of assessors of
Belmont (assessors) to abate a 1981 real estate tax.  G. L.
c. 58A, § 13.  The taxpayer filed its appeal to the board
under the informal procedure, G. L. c. 58A, § 7A, on Feb-
ruary 25, 1981.  In its statement to the board the taxpayer

---

[1] The others are Arthur J. Metaxas and Georgia Metaxas, the owners of
the subject property until February 14, 1980.  Although they were named
as parties, they have not appealed to this court and, apparently, have no
current stake in the controversy.

alleged that the tax was assessed to Arthur J. Metaxas and Georgia Metaxas as of January 1, 1980, and to the taxpayer as of February 14, 1980; that the tax was paid on November 14, 1980; that the taxpayer applied to the assessors in writing for an abatement of the tax on November 18, 1980; and that the assessors failed to act on the application within three months (thus, in effect, denying it, G. L. c. 59, §§ 64, 65).

On April 16, 1981, the assessors filed a motion to dismiss the taxpayer's appeal for lack of jurisdiction on the ground that the taxpayer's application for abatement was not timely under G. L. c. 59, § 59. In support of this motion, the assessors filed two affidavits signed by Paul D. Hanson, collector of taxes for the town of Belmont. In his "Affidavit as to Time of First Sending Tax Bill" Hanson stated that on October 17, 1980, he "sent notice of the amount of his tax to each person assessed whose name appears on the list of 1980 Real Estate Taxes committed to the Collector of Taxes by the Board of Assessors with a warrant dated October 17, 1980." In the second affidavit, Hanson stated that each tax notice was sent in an envelope from the tax collector and not in an envelope from the assessors' office. Copies of both types of envelopes were attached to the affidavit as exhibits. The taxpayer submitted the affidavit of Elliot J. Englander, an attorney and the trustee of Roda Realty Trust, in opposition to the motion to dismiss. He stated that Roda Realty Trust purchased and took record title of the subject property on or about February 14, 1980; that the property was purchased from Arthur and Georgia Metaxas; and that he received the first tax bill for 1981 on October 24, 1980, in an envelope postmarked October 23, 1980. This envelope, a copy of which was attached to the affidavit, carries a return address of "Assessors' Office, Town of Belmont."

On May 18, 1981, counsel for both parties argued the motion at a hearing before a member of the board sitting in the board's motion session. The taxpayer also filed a brief in opposition to the motion. On July 6, 1981, the board rendered a decision allowing the motion to dismiss and this appeal followed.

Both parties agree that the board must dismiss an appeal from the denial of an abatement for lack of jurisdiction if the application for abatement was not timely under G. L. c. 59, § 59. *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 511-512 (1940). Accord, *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth,* 368 Mass. 745, 747-748 (1975); *Canron, Inc.* v. *Assessors of Everett,* 366 Mass. 634, 637 n.4 (1975).

The taxpayer argues that the affidavits before the board created an issue of material fact as to when the tax bill was sent and the board, therefore, erred in failing to hold an evidentiary hearing on the jurisdictional issue. There is no indication, however, that the taxpayer ever requested the board to hold such a hearing or sought to present any evidence other than the affidavit of Englander and was prevented from doing so. Until the board decided against it on the motion to dismiss, the taxpayer appears to have been content to have the board resolve the jurisdictional question on the basis of the three affidavits, oral argument at a motion hearing, and the taxpayer's own brief. Issues of law which do not appear to have been raised in the proceedings before the board may not be raised for the first time in this court. G. L. c. 58A, § 13.

The taxpayer's alternative argument that dismissal of its appeal was improper because there was no evidence as to when the tax notice was sent must also be rejected. Even assuming this issue is properly before us for review as a "[question] of law raised by the pleadings" (G. L. c. 58A, § 7A), but see *Cohen* v. *Assessors of Boston,* 344 Mass. 268, 271 (1962), one of the affidavits of Hanson clearly states that real estate tax notices were sent on October 17, 1980. Under G. L. c. 60, § 3, this was prima facie evidence that the notices were sent on that date. The board's decision imports a finding of all subsidiary facts necessary to support it. *Cohen* v. *Assessors of Boston, supra.* Accord, *Assessors of Kingston* v. *Sgarzi,* 367 Mass. 840, 843-844 (1975). One such fact is that the tax notice was sent to the taxpayer on October 17, and not on October 23 as alleged by the tax-

payer.   This would make the taxpayer's application for an abatement one day too late under G. L. c. 59, § 59.   The decision of the board is final as to findings of fact.   G. L. c. 58A, § 13.

The decision of the Appellate Tax Board dismissing the taxpayer's appeal for want of jurisdiction is affirmed.

*So ordered.*