# RESCRIPT OPINIONS.

RAYMOND E. SHEA & another[1] *vs.* COMMISSIONER OF REVENUE. November 3, 1983. *Taxation,* Appeal, Appellate Tax Board.

The Appellate Tax Board (board) allowed the Commissioner of Revenue's (Commissioner) motion to dismiss the appellants' appeal from the Commissioner's denial of the appellants' abatement application. The motion alleged that (1) the appellants failed to file an appeal "within sixty days after the date of notice of the decision of the commissioner" (G. L. c. 62C, § 39, as amended by St. 1978, c. 514, § 129), and (2) they failed to serve a copy of their petition on the Commissioner (G. L. c. 58A, § 7). We need only consider the issue of the appellants' alleged failure to file a seasonable appeal.

The petition for abatement was mailed on the sixtieth day and received by the board on the sixty-first day. Also, on the sixtieth day, the appellants delivered a copy of the petition in hand to the Commissioner's Worcester office. We reject as being an adequate filing with the board both the delivery by hand of a copy of the abatement to the Commissioner (see *Assessors of Sandwich* v. *Commissioner of Revenue,* 382 Mass. 689, [1981]), and the placing of the original petition in the United States mail (see *Assessors of Marlborough* v. *Commissioner of Revenue,* 383 Mass. 876 [1981]). The board, therefore, lacked jurisdiction of the proceeding. See *Children's Hosp. Medical Center* v. *Assessors of Boston,* 388 Mass. 832, 838-839 (1983).

Relying on principles expressed in *Assessors of Salem* v. *State Tax Comm'n,* 371 Mass. 410 (1976), the appellants claim, for the first time through their reply brief, that the sixty days commenced to run, not on the date the Commissioner's decision was mailed to them, but on the date they received notice of that decision. The Commissioner's notice of the denial of abatement stated that the appellants had a right to appeal to the board "within sixty (60) days from the date of this Notice." The record does not show that the appellants challenged that conclusion of the Commissioner before the board. Their raising of the point for the first time in their reply brief here further suggests that they did not. An issue of law not presented to the board may not be raised here for the first time. *Roda Realty Trust* v. *Assessors of Belmont,* 385 Mass. 493, 495 (1982). "The

---

[1] Gladys M. Shea.

court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board." G. L. c. 58A, § 13, as amended through St. 1979, c. 527, § 2.

*Decision of the Appellate Tax Board affirmed.*

*Carl Emmett Baylis* for the taxpayers.

*Ellen L. Janos,* Assistant Attorney General, for Commissioner of Revenue.