AINSLIE CORPORATION *vs.* COMMISSIONER OF REVENUE.

No. 94-P-279.

Suffolk. February 7, 1995. - April 6, 1995.

Present: BROWN, KASS, & GREENBERG, JJ.

*Taxation,* Corporate excise; Estimated tax; Appellate Tax Board: findings; Interest and penalties.

Where, in a proceeding before the Appellate Tax Board, a party did not timely request, pursuant to G. L. c. 58A, § 13, as amended through St. 1985, c. 314, § 1, that the board make findings of fact, that party, by operation of the statute, thereby waived its right to appeal with respect to whether a certain finding was warranted by the evidence. [361-362]

A taxpayer, on the basis of undisputed facts in a proceeding before the Appellate Tax Board, did not demonstrate, as matter of law, that it was absolved from filing a declaration of estimated tax for a certain fiscal year. [363-364]

This court declined to address issues raised for the first time on appeal and not before the Appellate Tax Board below. [364-365]

APPEAL from a decision of the Appellate Tax Board.

*Ronald W. Keefe* for the taxpayer.

*Robert J. Munnelly, Jr.,* Assistant Attorney General, for the Commissioner of Revenue.

KASS, J. In its fiscal 1984 and 1985 corporate excise tax returns,[1] Ainslie Corporation understated, and, consequently, underpaid its taxes. For neither of those tax years did Ainslie file a declaration of estimated tax although, as it turned out, for each of those tax years Ainslie owed excise taxes in excess of $1,000. A corporation is required to make payments of estimated tax if in any taxable year it can reasonably expect to owe an excise tax in excess of $1,000. G. L. c. 63B,

---

[1]Ainslie Corporation filed its corporate excise tax returns on the basis of a fiscal year ending July 31. What the parties and we refer to as the 1984 return covered the period August 1, 1984, through July 31, 1985, and the 1985 return covered the period August 1, 1985, through July 31, 1986.

§ 2.[2] Should a corporation underpay its estimated tax, the estimated corporate tax statute (G. L. c. 63B) imposes an interest charge of eighteen percent per year on the amount of underpayment for the period of the underpayment. G. L. c. 63B, § 6. If that corporate taxpayer fails altogether to file a declaration of estimated tax, the Commissioner of Revenue shall assess a penalty of five percent of the tax imposed. G. L. c. 63B, § 8.[3]

As to Ainslie's 1985 return, the commissioner assessed interest and penalties adding up to $13,990.[4] Before the Appellate Tax Board, Ainslie argued that it could not reasonably have expected to owe excise tax for either of the tax years. The board ruled adversely, thus declining to abate the attendant interest and penalty assessments. On appeal, Ainslie's principal contention is that the record does not sustain a finding that the taxpayer ought reasonably to have expected to pay an excise tax of more than $1,000 for the 1985 tax year and that, therefore, Ainslie should not be penalized for failing to declare and pay an estimated tax. We affirm the decision of the Appellate Tax Board.

1. *Consequence of failure of taxpayer to ask for findings.* When deciding cases, the Appellate Tax Board, under the governing statute, makes findings at its option. General Laws c. 58A, § 13, as amended through St. 1985, c. 314, § 1, provides that the board "may make findings of fact and report thereon in writing." A party may, however, request the board

---

[2]The full text of G. L. c. 63B, § 2, as amended through St. 1978, c. 514, § 150, is as follows: "Every corporation shall file a declaration of its estimated tax for the taxable year if its estimated tax for such taxable year can reasonably be expected to exceed one thousand dollars. The declaration, sworn to by such officer of the corporation who is required to sign its return under section eleven or twelve of chapter sixty-two C, shall contain such pertinent information and be in such form as the commissioner may prescribe."

[3]General Laws c. 63B, §§ 6 & 8, have since been repealed by St. 1990, c. 121, §§ 33 and 34, respectively, and, by St. 1990, c. 150, § 369 (which amended St. 1990, c. 121, § 102), the repeal was made applicable to taxable years commencing on or after January 1, 1990.

[4]Interest in the amount of $9,545 under G. L. c. 63B, § 6, and $4,445 on account of the penalty under G. L. c. 63B, § 8, for nonfiling.

to make findings and, in that event, "the board shall make such findings." G. L. c. 58A, § 13. Section 13 requires that a request for findings be made within ten days of a decision rendered without findings of fact. "If no party requests such findings and report, all parties shall be deemed[] to have waived all rights of appeal to the [A]ppeals [C]ourt upon questions . . . as to whether a finding was warranted by the evidence." *Ibid. Palladino* v. *Assessors of Braintree*, 373 Mass. 665, 668-669 (1977). *Chirillo* v. *Commissioner of Rev.*, 25 Mass. App. Ct. 98, 99-100 (1987).

The board rendered its decision on January 14, 1994, without findings, announcing simply that, "The decision is for the [a]ppellee." The taxpayer did request findings of fact but not until February 1, 1994, eight days after the time for doing so had run out. The board notified the taxpayer that the request for findings of fact and report was untimely and solicitously reminded the taxpayer that it had until February 14, 1994, to claim an appeal to this court. On that day Ainslee did, indeed, file its notice of appeal. That appeal, however, cannot debate the question whether the evidence admits of a finding implicit in the board's decision,[5] that the taxpayer reasonably should have anticipated that it would owe more than $1,000 in corporate excise taxes on its 1985 return. This very argument, which the statute places beyond judicial review, is the primary argument pressed by the taxpayer on appeal from the board's decision. We may not consider it, see *Assessors of Needham* v. *E.J. Bleiler Equip. Co.*, 364 Mass. 834 (1974), and proceed to consider whether the taxpayer has raised a question of law apparent on the record. See *Chirillo* v. *Commissioner of Rev.*, 25 Mass. App. Ct. at 100.

---

[5]"The board's decision imports a finding of all subsidiary facts necessary to support it." *Roda Realty Trust* v. *Assessors of Belmont*, 385 Mass. 493, 495 (1982). See also *Assessors of Kingston* v. *Sgarzi*, 367 Mass. 840, 843-844 (1975). We recognize that the *Sgarzi* and *Roda Realty Trust* opinions were decided under the informal procedure authorized under G. L. c. 58A, § 7A, in connection with real estate tax evaluation cases before the Appellate Tax Board, but the principle is equally applicable to the standard formal procedure before the board in cases where the board makes no subsidiary findings.

2. *Reasonable predictability of tax due.* It is possible to view the taxpayer's case as raising an alternative question: whether on the basis of certain undisputed facts, the taxpayer, as matter of law, was absolved from filing a declaration of estimated tax for the fiscal year ending July 31, 1986.

Ainslie's returns were prepared by a tax preparer, its accountant. The 1984 return (on Form 355A) showed computation of a tax of $3,226[6] set off in its entirety by an investment credit. That, however, did not reduce the tax due to zero because G. L. c. 63, § 32(*b*), as amended through St. 1975, c. 684, § 48, provides for a minimum excise of $200,[7] plus a fourteen percent surcharge, St. 1969, c. 546, §§ 18, 21, for a total of $228. Nonetheless, the tax reported was less than $1,000. For purposes of determining whether it needed to file a declaration of estimated tax for the following tax year, the taxpayer assumed that once again it would be obliged to pay no more than the minimum tax. The 1984 return, however, was wrong insofar as it wiped out 100 percent of the tax computed to be due by set-off of the investment credit authorized by G. L. c. 63, § 31A. Under G. L. c. 63, § 32C, a taxpayer may not take credits in an amount more than fifty percent of the tax computed as due, before the application of credits. Had it been correctly filed, the 1984 return would have shown a tax payable of $1,613, an amount over $1,000 and, therefore, sufficient to trigger the duty to file a declaration of estimated tax.

As matters developed, the tax payable on the 1985 return was a great deal more, namely, $88,902. The far higher amount was the consequence of a sale of real estate by Ainslie which was concluded on June 27, 1986, thirty-four days before the end of the fiscal year for which Ainslie later filed its 1985 return. Ainslie's position on appeal before us seems to be that, given the advice of its tax preparer on the 1984 return and the lateness in the fiscal year of the income pro-

[6]Based not on income, but based on a multiple — $2.60 per $1,000 — of the taxpayer's tangible property, which was stated at $1,240,736.

[7]By St. 1988, c. 202, §§ 14 & 34, the minimum excise was increased to $400 for tax years beginning January 1, 1989.

ducing event for the 1985-1986 period, the board could not rule that Ainslie had a reasonable expectation that it would owe more than $1,000 in taxes for the 1985-1986 year.

There are two flaws in that position. The first is that it presupposes the board should not impute to Ainslie the basic error of its tax preparer in connection with the 1984 return, causing the tax payable with that return to be understated. To the contrary, on standard agency principles, the taxpayer is chargeable with errors — and the consequences of those errors — of the preparer who made out the return on its behalf. Restatement (Second) of Agency § 144 (1958). Cf. *Curran* v. *Commissioner of Rev.*, 23 Mass. App. Ct. 965 (1987). Were it otherwise, one might easily imagine that the errors of tax preparers would be enthusiastically encouraged by their tax-paying clients. The second flaw is that Ainslie, after it knew it would have a substantial tax for the 1985-1986 year, even though that year was just about closed out, could have filed a late declaration of estimated tax but did not. There is nothing about the undisputed facts, therefore, that *required* the board to relieve Ainslie of its interest and penalties for failure to file the requisite declarations and to pay the installments of tax in accordance with those declarations.

3. *Computation of the interest.* In a reply brief to the Commonwealth's brief as appellee, the taxpayer argues that, in any event, it should not be chargeable with interest under G. L. c. 63B, § 6, as if the tax liability of $88,902 had been known from the beginning of the 1985-1986 year. Neither in the pleadings nor in argument was that point raised in the proceedings before the board. The point, therefore, is lost on appeal. *Towle* v. *Commissioner of Rev.*, 397 Mass. 599, 602-603 (1986), & cases cited. See *New Boston Garden Corp.* v. *Assessors of Boston*, 24 Mass. App. Ct. 122, 127 n.3 (1987); *Chirillo* v. *Commissioner of Rev.*, 25 Mass. App. Ct. at 100-101, & cases cited. Nor do we consider any issue raised for the first time in an appellant's reply brief. *Assessors of*

*Boston* v. *Ogden Suffolk Downs, Inc.*, 398 Mass. 604, 608 n.3 (1986).

> *Decision of the Appellate Tax*
> *Board affirmed.*