HERSCH C. ALTMAN & another, trustees, *vs.* BOARD OF
ASSESSORS OF RANDOLPH.

Suffolk.    March 10, 1977. — March 31, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Taxation,* Appellate tax board: informal procedure, jurisdiction.

Under the provisions of G. L. c. 59, §§ 64, 65, full payment of the tax
assessed on a parcel of real estate was not required as a condition
precedent to the taxpayer's right to appeal to the Appellate Tax
Board from a refusal of an application for abatement of the tax,
even though an office building was built on the property in the third
year of the averaging period.  [276-277]

APPEAL from a decision of the Appellate Tax Board.
*Arthur E. Nicholson* for the taxpayers.
*William J. Carr* for the Board of Assessors of Randolph.

BRAUCHER, J.    Under G. L. c. 59, §§ 64, 65, a taxpayer
may appeal to the Appellate Tax Board (board) from a
refusal of an application for abatement of a tax of more
than $1,500 on a parcel of real estate if he has paid "a
sum not less than the amount which would be assessable
in the year of assessment of the tax upon a valuation equal
to the average of the valuations of said parcel, as reduced
by reason of abatements, if any, for the three years next
preceding said year."[1] The taxpayers here appealed under
the informal procedure, and paid more than the sum re-
quired, based on two years of unimproved land and one
year of land with building. We hold that the board erred
when it dismissed the appeal for want of jurisdiction.

The facts are not in dispute. The property was assessed
for $21,600 in 1970, $21,600 in 1971, and $177,000 in 1972,

---

[1] G. L. c. 59, § 64, as amended through St. 1973, c. 664, § 1.

abated to $132,000. The assessment for 1973 was $132,000, and the 1973 tax at the rate of $73 per $1,000 amounted to $9,636. The taxpayers paid $7,478.68 on October 31, 1973, and filed their appeal on January 3, 1974. See *Boston Five Cents Sav. Bank* v. *Assessors of Boston,* 313 Mass. 762, 773 (1943) (payment is condition precedent to appeal). The balance was later paid with interest. On an average valuation of $58,400, we compute a $73 tax per $1,000 at $4,263.20.

The assessors argue and the board apparently ruled that the averaging provision did not apply, either because the case was filed under the informal procedure or because an office building was built on the property in the third year of the averaging period. The result would be that full payment of the tax would be required as a condition of the right to appeal, and that precisely the hardship might result that the Legislature sought to avoid. Cf. *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.,* 355 Mass. 610, 616-617 (1969) (no need to consider financial ability if averaging provision applied). No such distinctions are found in the statutory language. We think the error is clear, and that appeal to this court is within the exception in G. L. c. 58A, § 7A,[2] for "questions of law raised by the pleadings or by an agreed statement of facts." See *Assessors of Saugus* v. *Leo,* 363 Mass. 47, 50 (1973).

*Decision reversed.*

[2] As amended through St. 1972, c. 684, § 3.