SCA DISPOSAL SERVICES OF NEW ENGLAND, INC. *vs.* STATE TAX COMMISSION.

Suffolk. November 9, 1977. — May 25, 1978.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Appellate Tax Board*, Appeal, Jurisdiction. *Notice. State Tax Commission*, Notice.

The mailing of a notice of decision by the State Tax Commission denying an application for abatement of sales tax did not fix the time for appeal by the taxpayer pursuant to G. L. c. 64H, § 22, where the taxpayer never received the notice. [340-342]

APPEAL from a decision of the Appellate Tax Board.

*Joel H. Sirkin* for the taxpayer.

*Joseph L. Hachey, Jr.*, Special Assistant Attorney General, for the State Tax Commission.

HENNESSEY, C.J. This is an appeal from a decision of the Appellate Tax Board (board) allowing the plea in bar of the appellee, State Tax Commission (commission), and dismissing for lack of jurisdiction the petition under formal procedure of the appellant, SCA Disposal Services of New England, Inc. (SCA), seeking the abatement of sales taxes. On February 22, 1974, SCA filed with the commission, on a form approved by the commission, an application for abatement of sales taxes paid in the amount of $14,372.17, assessed against SCA in 1972 relating to the transfer of seventy-two motor vehicles to SCA from three affiliated corporations.

The commission denied the application for abatement and notified SCA in writing on March 5, 1974, by mail, postage prepaid.

The issue presented is whether the board erred in ruling that the mailing of a notice of decision by the commission denying the application for abatement of sales tax fixes the time for appeal by a taxpayer to the board pursuant to G. L. c. 64H, § 22,[1] notwithstanding the fact that the taxpayer never received the notice. We conclude that the board was in error in its ruling.

Having received no notice from the commission of any action on its application for abatement within six months from filing, SCA simultaneously withdrew its consent to the failure of the commission to act on the application and filed an appeal with the board on January 28, 1975, pursuant to G. L. c. 64H, § 22. On February 25, 1975, the commission filed a plea in bar, stating that since the petition was not filed by SCA "within ninety days after the date of the notice of the decision of the commission" as required by G. L. c. 64H, § 22, the appeal was filed late and the board had no jurisdiction over the issues raised by the appellant in the petition. On March 15, 1976, SCA filed an answer to the plea in bar alleging that the commission's notice of denial was not received and denying that the appeal was filed late.

On April 1, 1977, the board, after hearing, promulgated a decision allowing the plea in bar, and also issued, on its own motion, findings of fact and an opinion. The board

---

[1] This statute was repealed by St. 1976, c. 415, § 112, and was replaced by G. L. c. 62C, § 39, inserted by St. 1976, c. 415, § 22. General Laws c. 64H, § 22, inserted by St. 1967, c. 757, § 1, provided in pertinent part: "Any person aggrieved by the refusal of the commission to abate, in whole or in part, under section twenty a tax assessed or collected under this chapter, may appeal therefrom within ninety days after the date of the notice of the decision of the commission, or within six months after the time when the application for abatement is deemed to be denied, as provided by section six of chapter fifty-eight A, by filing a petition with the clerk of the appellate tax board. . . . The remedies provided by this section and sections twenty and twenty-one shall be exclusive." Although it is not relevant to this appeal, we observe that, under G. L. c. 62C, § 39, the statutory time period for appeal is now sixty, and not ninety, days.

found that the commission complied with the statutory requirements for giving notice specified in G. L. c. 64H, § 29, inserted by St. 1967, c. 757, § 1, and that SCA's appeal was not timely filed as required by G. L. c. 64H, § 22.[2] The board also found that SCA did not receive the notice of denial of its application for abatement.

1. Preliminarily, we note that we agree with the Attorney General's position that SCA is incorrect in relying in any measure on G. L. c. 58A, § 6, which provides that a taxpayer may file a seasonable appeal within six months after the time the taxpayer's application is deemed denied by nonaction of the commission. What SCA overlooks in this argument is that G. L. c. 58A, § 6, applies only when the commission "fails to act upon said application" and that in this appeal the commission did act, a fact which the board found.

We conclude that, in a case such as this where it has been found that notice was never received, the Legislature did not intend that proof of mere mailing of the notice by the

---

[2] The applicable statutes read in pertinent part as follows:

G. L. c. 58A, § 6, as amended through St. 1969, c. 556, § 2: "Whenever the state tax commission, in this chapter called the commission, before whom an application in writing for the abatement of a tax is or shall be pending, fails to act upon said application prior to the expiration of six months from the date of filing the same, it shall then be deemed to be denied unless the applicant shall have filed with the commission, prior to such expiration, his written consent to the failure of the commission to act on said application within said six months' period. Said consent may be withdrawn by the applicant at any time, in which event said application, unless previously acted on by the commission, shall be deemed to be denied at the expiration of said six months' period or on the date of such withdrawal, whichever is later. The applicant, at any time within six months from the date on which any such application shall be deemed to be denied by the commission under the foregoing provisions of this section, shall have the right to take any appeal from such denial to which he may be entitled by law in the same manner as though the commission had in fact refused to grant the abatement applied for."

G. L. c. 64H, § 29: "Any notice authorized or required under the provisions of this chapter may be served personally or may be given by mailing the same, postage prepaid, to the person for whom it is intended, addressed to such person at his address as it appears in the records of the commissioner or the commission."

commission is sufficient to trigger the ninety-day time period. It is contrary to notions of fairness and common sense to assume that the Legislature intended a taxpayer to be accountable for failure to act in timely manner on notice that was never received. "Recent decisions of this court have emphasized that statutes embodying procedural requirements should be construed, when possible, to further the statutory scheme intended by the Legislature without creating snares for the unwary." *Becton, Dickinson & Co.* v. *State Tax Comm'n,* 374 Mass. 230, 233 (1978). If the Legislature had intended the period of limitation for appeals under c. 64H, § 22, to commence on the date of mailing, in cases where there was no receipt of the notice, it was within the power of the Legislature to make its intentions expressly clear. Cf. *Assessors of Salem* v. *State Tax Comm'n,* 371 Mass. 410, 412 (1976). It has done so in statutes concerning appeals from certain other decisions of the commission. See G. L. c. 62, § 45, repealed by St. 1976, c. 415, § 100, replaced by G. L. c. 62C, § 39; G. L. c. 64C, § 7, repealed by St. 1976, c. 415, § 107, replaced in part by G. L. c. 62C, §§ 26, 28, 33, 37, and 39. The Legislature had already enacted these statutes as of the time that the statute now in issue was promulgated.

We are not persuaded by the commission's argument that where, as in this case, it is shown that there was compliance with the statutory provision as to the manner and means of notice (mailing, postage prepaid, properly addressed), it is immaterial that the notice was never received. It is just as logical to infer that these statutory specifics are included to indicate that compliance with those provisions provides some evidence of actual notice. Indeed, such provisions have consistently been treated by this court as having that significance. See *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 513-514 (1940). The commission is entitled to the benefit of that construction in cases like this one; proof that the statutory requirements as to mailing have been met places on the taxpayer the burden of proving that

the notice was never received.[3] This view accords with good sense and imposes no hardship on the commission. This view also affords the board an opportunity to remedy a potential injustice where the board is convinced by the taxpayer that no notice was received.

One issue remains: How much time should be allowed to an appellant to act when, as in the instant case, the time period has expired before he learned of the decision? We think that, when a person receives a notice after the time period has expired, he has a reasonable time to appeal which cannot be longer than the statutory period itself, measured from the date of receipt. Applying that rule here, we find that SCA acted within a reasonable time.

2. The decision of the Appellate Tax Board is reversed, and the case is remanded to the board for proceedings on the merits of the application for abatement.

*So ordered.*

---

[3] In the typical case, the notice is received within several days of its mailing, and the ninety-day period (now sixty days under the amended statute, shown in note 1, *supra*) should be measured from the date of the notice of decision, which in such cases should be the date of the mailing.