NORTHAMPTON NURSING HOME, INC. *vs.* BOARD OF ASSESSORS OF NORTH-AMPTON. May 13, 1981. These are consolidated appeals. Northampton Nursing Home, Inc. (taxpayer), appeals from the dismissal by the Appellate Tax Board of its appeal concerning the assessment for fiscal year 1977. The Board of Assessors (board) has appealed from the abatement granted to the taxpayer for fiscal year 1978. There was no error in either case.

1. In the circumstances of this case, the Appellate Tax Board could not grant an abatement "if the tax due for the full fiscal year . . . is more than two thousand dollars . . . unless the full amount of said tax due has been paid without the incurring of any interest charges on any part of said tax." G. L. c. 59, § 64, as amended through St. 1978, c. 580, § 34. The taxpayer did not pay its taxes for fiscal year 1977 until November 2, 1976, and May 4, 1977, though they were due on November 1, 1976, and May 2, 1977 (May 1 was a Sunday). Interest is incurred if payment is made after November 1 and May 1 of each year. G. L. c. 59, § 57. The taxpayer's argument that an interest charge was not incurred because no interest was, in fact, charged is without merit. To "incur" is simply to become liable for or subject to, according to Webster's Third Int'l Dictionary 1146 (1961). Cf. *Commonwealth* v. *Benoit*, 346 Mass. 294, 296-298 (1963). This definition does not comport with the construction for which the taxpayer contends. The right to appeal to the Appellate Tax Board should not depend on whether an interest charge was in fact made.

---

2.  The earning capacity of real estate is competent as showing its market value. *Assessors of Quincy* v. *Boston Consol. Gas. Co.*, 309 Mass. 60, 64 (1941). There is nothing to the contrary in *Correia* v. *New Bedford Redevelopment Auth.*, 375 Mass. 360 (1978). Accordingly, there was no error in the use by the Appellate Tax Board of the approach known as capitalization of income in determining the value of the taxpayer's property.

> *Decisions of the Appellate*
> *Tax Board affirmed.*

*Mark J. Witkin* for the plaintiff.
*Joseph F. Dalton* for the defendant.