PETER A. COREA & another[1] *vs.* BOARD OF ASSESSORS OF BEDFORD. November 5, 1981.  The plaintiffs in this action applied to the board of assessors of the town of Bedford (assessors) for abatement of a tax assessed on the plaintiffs' land and buildings.  The assessors denied their application by notice dated March 27, 1980.  Subsequently some negotiations were conducted between the plaintiffs and the assessors in an effort to arrive at an amicable settlement.  On July 23, 1980, presumably after the negotiations broke down, the plaintiffs filed their appeal with the Appellate Tax Board pursuant to G. L. c. 59, § 64.  The assessors moved to dismiss the petition on the ground that the plaintiffs did not file their appeal within three months of the written denial of their application for abatement, as required by G. L. c. 59, § 64.  The Appellate Tax Board granted the motion to dismiss, concluding that it had no jurisdiction to entertain proceedings begun at a later time than was prescribed by statute.  *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489 (1936). The plaintiffs appeal this decision.  They argue that because of the negotiations the assessors should be estopped from asserting that the three-month statutory period ran from the date on which they issued their written denial of the abatement application.

Only with hesitation is the doctrine of estoppel invoked against the government in the exercise of its public duties.  *Weiner* v. *Boston,* 342 Mass. 67, 70 (1961).  *Collins* v. *Boston,* 338 Mass. 704, 709 (1959).  Furthermore, "[i]n order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow.  But the doctrine of estoppel is not applied except when to refuse it would be inequitable."  *Boston & Albany R.R.* v. *Rear-*

---

[1] Patricia Corea.

*don,* 226 Mass. 286, 291 (1917). *Cleaveland* v. *Malden Sav. Bank,* 291 Mass. 295, 297 (1935). It does not appear that any statements were made by the assessors that might have led the plaintiffs to rely on a date other than that of the written denial for purposes of computing their time for appealing. The mere fact that the assessors negotiated with the plaintiffs does not amount to a representation to the plaintiffs that they could rely on some other date. It would be unduly burdensome if every time assessors agreed to negotiate with a taxpayer, the date of the written denial of the abatement application consequently became ineffective. We further note that, if the plaintiffs' brief is correct, the negotiations were terminated at the end of April, 1980. This left the plaintiffs with more than a month in which to file their appeal to the Appellate Tax Board. We conclude that the facts do not support an estoppel and that no injustice will result from the dismissal of the appeal. The decision of the Appellate Tax Board is affirmed.

*So ordered.*

*Winston J. Bridge,* for the plaintiffs, submitted a brief.