BIBLE BAPTIST CHURCH OF PLYMOUTH, INC. *vs.* BOARD OF ASSESSORS OF PLYMOUTH. April 13, 1984. *Taxation,* Appeal to Appellate Tax Board, Appellate Tax Board: jurisdiction. *Notice.*

The Bible Baptist Church of Plymouth, Inc. (church), appeals from a decision of the Appellate Tax Board (board) dismissing on jurisdictional grounds the church's appeal from a decision of the board of assessors of Plymouth (assessors) disallowing the church's applications for abatement of real estate taxes for fiscal years 1981 and 1982. In 1981, the assessors, for the first time, assessed a tax on a parcel of real estate owned by the church.[1] A bill was sent, on June 16, 1981,[2] to the church at an address which it had abandoned; the church had never advised the town of its change of address. The bill was not received and the church had no notice of the 1981 assessment until December 8, 1981, when the pastor of the church went to the assessors' office to complain about a tax bill for 1982, which he had received. At that time, he filed applications for abatement for both years. The taxes were paid, with interest, on August 2, 1982.

---

[1] Because the board dismissed the appeal on jurisdictional grounds, it made no findings of fact on the merits. It is clear, however, from the evidence presented, that the assessors could in good faith question whether the property was being used solely for religious purposes. We note, in particular, that the building, which was not a typical church structure, was not completed during the church's ownership and was ultimately sold for use for secular purposes.

[2] Apparently, the bill was sent at the end of the fiscal year because the property was omitted from the annual assessment and assessed under G. L. c. 59, § 75.

The application for abatement of the 1981 assessment was not filed in a timely manner. The statute requires that the application be filed within thirty days after the bill is sent, or within three months after the bill is sent if the taxes are assessed under G. L. c. 59, § 75. See G. L. c. 59, § 59. There is no statutory requirement that the bill actually be received. Compare G. L. c. 59, § 64, concerning appeal from assessors' denial of abatement, which specifically provides that the time for appeal runs from *receipt* of notice. See *SCA Disposal Servs. of New England, Inc.* v. *State Tax Comm'n,* 375 Mass. 338 (1978); *Assessors of Salem* v. *State Tax Comm'n,* 371 Mass. 410 (1976). We cannot supply a requirement of notice unless it is constitutionally required, and the church has made no constitutional claim. Because the application for abatement was filed late, the assessors had no jurisdiction to consider it. The board, therefore, had no jurisdiction to review the disallowance of the application; the 1981 appeal was correctly dismissed. *Roda Realty Trust* v. *Assessors of Belmont,* 385 Mass. 493, 495 (1982). *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth,* 368 Mass. 745, 747-748 (1975). We add that there is nothing unfair or unconstitutional about the statute as applied in these circumstances. The bill was not received because it was sent to the church's old address; it was sent to the old address because the pastor had not thought it necessary to inform the town of the church's new address.

We next consider the 1982 assessment, and whether the church's failure to pay the assessed taxes on time bars its appeal. It is not disputed that the church did not pay any part of the assessed taxes on time. The church may nonetheless appeal if "the amount which would be assessable in the year of assessment of the tax upon a taxable valuation equal to the average of the taxable valuations of [the] parcel as reduced by reason of abatements, if any, for the three years next preceding said year" is equal to zero. G. L. c. 59, § 64, as amended through St. 1978, c. 580, § 34.[3] See G. L. c. 59, § 65. But, because the 1981 assessment was not successfully appealed, the taxable valuation filed by the assessors stands. As a consequence, the amount which would be assessable on the average of the taxable valuations for the fiscal years ending in 1979 through 1981 is greater than zero. Thus the church's late payment bars its appeal of the 1982 assessment; it too was correctly dismissed. See *Stilson* v. *Assessors of Gloucester,* 385 Mass. 724, 732 (1982); *Northampton Nursing Home, Inc.* v. *Assessors of Northampton,* 383 Mass. 884 (1981). See also *Altman* v. *Assessors of Randolph,* 372 Mass. 276 (1977).

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

*Stephen G. Gray* (*Robert J. Forrest* with him) for the taxpayer.

*John F. Ridge,* Special Town Counsel, for the Board of Assessors of Plymouth, submitted a brief.

---

[3] The three-year averaging formula had been changed by a subsequent amendment. See St. 1982, c. 653, § 6.