FRANKLIN COUNTY REALTY TRUST *vs.* BOARD OF ASSESSORS OF GREENFIELD. May 7, 1984. *Taxation,* Appeal to Appellate Tax Board. *Estoppel.*

The taxpayer concedes that it did not, within statutory time limits, file appeals with the Appellate Tax Board (board) from the denial, by inaction of the board of assessors (assessors), of the taxpayer's applications for abatement of local real estate taxes. G. L. c. 59, §§ 64, 65, 65C. The taxpayer argues that because the assessors continued to consider its applications after the expiration of the appeal periods, the assessors should be estopped to deny the timeliness of the taxpayer's appeals to the board.

Generally we have not looked with favor on contentions that public officials are estopped from relying on statutory or other rights. See *Phipps Prods. Corp.* v. *Massachusetts Bay Transp. Auth.,* 387 Mass. 687, 693-694 (1982), and cases cited. We have not recognized estoppel as a relevant consideration when the timeliness of a taxpayer's appeal to the board has been considered. See *Corea* v. *Assessors of Bedford,* 384 Mass. 809 (1981).

We would not, in any event, recognize principles of estoppel in this case because, in failing to appeal, the taxpayer cannot fairly be said to have relied reasonably on the assessors' continued consideration of its applications. To allow the assessors' continued consideration of its abatement applications without those applications being deemed to be denied, the taxpayer had only to file timely written consent to the assessors' not deciding any application for abatement within three months of the date of its filing. G. L. c. 59, § 64. The board properly allowed the assessors' motions to dismiss the taxpayer's applications for abatement for lack of jurisdiction.

*Decision of the Appellate Tax Board affirmed.*

*Jack D. Curtiss* for the taxpayer.

*Edward P. Smith* for the Board of Assessors of Greenfield.