NORMAN LENSON vs. BOARD OF ASSESSORS OF BROOKLINE.

Suffolk.  April 3, 1985. — June 11, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Appellate Tax Board*, Jurisdiction.

The Appellate Tax Board lacked jurisdiction to entertain an appeal by a tax-
payer from a board of assessors' denial of his application for an abatement
of real property tax where, although the appeal was filed within three
months of the date of the notice of the assessors' denial of the abatement,
it was filed more than three months after the date on which the application
was deemed denied under G. L. c. 58A, § 6, and c. 59, § 65. [179]

APPEAL from a decision of the Appellate Tax Board.

The case was submitted on briefs.

*Nathan Moger* for the taxpayer.

*David Lee Turner* for the Board of Assessors of Brookline.

NOLAN, J. The Appellate Tax Board (board) dismissed the
plaintiff taxpayer's appeal from the board of assessors' (asses-
sors) denial of his application for an abatement on the ground
that it lacked jurisdiction to entertain the appeal. The taxpayer
appealed to this court. We affirm the decision of the board.

The following dates are important. The taxpayer owned the
subject real estate on January 1, 1983. The assessors assessed
the property on November 15, 1983. The taxpayer filed an
application for abatement with the defendant on November 22,
1983, the day after paying one half of the tax bill. The appli-
cation was deemed denied on February 22, 1984. The assessors
sent the taxpayer a notice of denial of the application on March
15, 1984. The taxpayer filed an appeal with the Appellate Tax
Board on May 29, 1984.

The board dismissed the appeal on October 4, 1984, conclud-
ing that it lacked jurisdiction because the time for filing an
appeal had expired. More particularly, the board ruled that,

though the appeal was filed within three months of the date of the notice of denial of the abatement, it was filed more than three months after expiration of the board's authority to act under G. L. c. 58A, § 6, and c. 59, § 65 (1984 ed.). Section 6 provides in material part that, if a board of assessors fails to act upon an application for abatement within three months from the date of the filing of such application, "it shall then be deemed to be denied, and the taxpayer shall have the right, at any time *within three months thereafter*, to take any appeal from such denial" to the board (emphasis supplied). G. L. c. 58A, § 6 (1984 ed.). The key date under § 6 was February 22, 1984, the date on which the three-month appeal period started to run. However, as already noted, the taxpayer did not file his appeal until May 29, 1984, which was seven days beyond the date, May 22, on which the appeal period expired. As a result, he lost his right to appeal. See *Eastern Racing Ass'n* v. *Assessors of Revere*, 300 Mass. 578, 582 (1938).

The board's jurisdiction is entirely limited by the statutes that confer it. See G. L. c. 58A, § 6, and c. 59, § 65. Its jurisdiction cannot be enlarged by the conduct of the assessors nor can consent or waiver confer jurisdiction in these circumstances. See *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 495 (1936).

There is no merit to the argument by the taxpayer that he relied on the notice of denial sent on March 15, 1984, and filed his appeal within three months of this written notice and thus the board should be in some way estopped from denying jurisdiction. See *Corea* v. *Assessors of Bedford*, 384 Mass. 809 (1981).

> *Decision of the Appellate*
> *Tax Board affirmed.*