MICHAEL I. GOOD & another[1] *vs.* COMMISSIONER OF REVENUE.

Suffolk. May 9, 1985. — August 15, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Appellate Tax Board,* Appeal, Jurisdiction. *Notice.*

The Appellate Tax Board properly dismissed taxpayers' appeal from a deci-
sion of the Commissioner of Revenue denying them an abatement of
income tax, where the appeal was filed after the expiration of the sixty-
day appeal period allowed by G. L. c. 62C, § 39. [687-688]

The record of a proceeding before the Appellate Tax Board raised no issue
as to whether the Commissioner of Revenue might be estopped to contest
the timeliness of taxpayers' appeal. [688]

APPEAL from a decision of the Appellate Tax Board.

*Michael I. Good,* pro se.

*Lisa A. Levy,* Assistant Attorney General, for the Commis-
sioner of Revenue.

HENNESSEY, C.J. The taxpayers challenge a decision by the
Appellate Tax Board (board) dismissing their appeal for lack
of jurisdiction. On February 6, 1982, the taxpayers filed an
application with the Commissioner of Revenue (Commissioner)
for an abatement of their 1980 State income taxes. On January
27, 1983, they received a refund check which represented a
partial abatement. The Commissioner claims this check was
accompanied by a certificate explaining his decision on the
abatement request. The taxpayers contend that the envelope
containing the refund check did not include an abatement cer-
tificate. In response to further inquiries to the Department of
Revenue, the taxpayers received a copy of the abatement cer-
tificate, accompanied by a letter dated April 20, 1983.[2]  On

---

[1] Bambi Z. Good.

[2] The taxpayers acknowledge that they received the certificate of abate-
ment and letter on April 22, 1983.

July 25, 1983, they filed an appeal of the Commissioner's decision with the board. The Commissioner filed a plea in bar on the ground that the board lacked jurisdiction because the appeal was not timely filed. The board, after a hearing on the jurisdictional issue, allowed the Commissioner's motion to dismiss, finding that the taxpayers' appeal was not filed "within sixty days after the date of notice of the decision of the commissioner." G. L. c. 62C, § 39 (1984 ed.).

To invoke review by this court, an appellant must supply a proper record of the proceedings before the board. *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth,* 368 Mass. 745, 749 (1975). Because the taxpayers failed to make a timely request for a stenographic record, they are "deemed to have waived all rights of appeal . . . as to whether a finding was warranted by the evidence." G. L. c. 58A, § 10 (1984 ed.).[3] Consequently, we examine the board's decision only for possible errors of law. There was affidavit evidence establishing that it was the "usual and consistent procedure" of the Department of Revenue to mail certificates of abatement along with all refund checks. Accordingly, the board found that the taxpayers received notice of the partial denial of their abatement request on January 27, 1983. Their appeal to the board, filed on July 25, 1983, was therefore untimely. The board concluded that "[e]ven giving the most favorable interpretation to the appellants' case, that they did not receive notice . . . until April 20, 1983, would not change the result." When a taxpayer does not receive notice of the Commissioner's decision until the statutory period for appeal has expired, "he has a reasonable time to appeal which cannot be longer than the statutory period itself, measured from the date of receipt." *SCA Disposal Servs. of New England, Inc.* v. *State Tax Comm'n,* 375 Mass. 338, 342 (1978). Regardless of whether the appeal period began to run on April 22, 1983, when the taxpayers admit receiving a copy of the abatement certificate, or on January 27, 1983, when

---

[3] In any event, although the issue is not before us, it is evident from the board's finding and a supplemental appendix filed by the Commissioner, that the evidence fully warranted the board's decision as to the timeliness of the taxpayers' appeal.

they received their refund check, their appeal to the board was filed more than sixty days after the date of notice. Therefore, the board properly allowed the Commissioner's plea in bar to dismiss the taxpayers' appeal.

The taxpayers argue that the Commissioner is estopped from contesting the timeliness of their appeal because an employee of the Department of Revenue misinformed them, in a letter dated May 13, 1983, that the time for appealing the abatement decision had expired. "We have not recognized estoppel as a relevant consideration when the timeliness of a taxpayer's appeal to the board has been considered." *Franklin County Realty Trust* v. *Assessors of Greenfield,* 391 Mass. 1018 (1984). See *Corea* v. *Assessors of Bedford,* 384 Mass. 809, 809-810 (1981). Furthermore, estoppel would not apply in these circumstances. "[I]n order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow." *Corea, supra* at 809, quoting *Boston & A. R.R.* v. *Reardon,* 226 Mass. 286, 291 (1917). Here the information imparted to the taxpayers was not clearly mistaken. Moreover, the taxpayers cannot fairly be said to have delayed their appeal as a result of the May 13, 1983, letter. In a June 14, 1983, letter to the Commissioner, they requested his reconsideration of their abatement application so that additional time would not be taken up "pursuing an appeal to the Appellate Tax Board." This letter indicates that the taxpayers assumed they could still appeal to the board but chose instead to seek relief from the Commissioner. Thus no evidence before the board showed that the taxpayers were "induced . . . to do something different from what otherwise would have been done."

For the foregoing reasons the decision of the Appellate Tax Board is affirmed.

*So ordered.*