SPACE BUILDING CORPORATION *vs.* COMMISSIONER OF
REVENUE.

Suffolk. March 5, 1992. - August 18, 1992.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Motion to dismiss, Declaratory proceeding. *Administrative
Law,* Judicial review, Exhaustion of remedies, Hearing. *Taxation,* Sales
and use tax; Appellate Tax Board: jurisdiction.

In an action seeking a declaration that the Commissioner of Revenue, in
deciding a request for a certain tax abatement, was required to conduct
adjudicatory proceedings in accordance with G. L. c. 30A, the State
Administrative Procedure Act, the judge erred in allowing a motion to
dismiss on the ground that the plaintiff had failed to exhaust its admin-
istrative remedy before the Appellate Tax Board, where only a question
of law was in issue; where the issue was of wide public significance,
affecting many taxpayers, and was likely to arise repeatedly until re-
solved; and where the board lacked jurisdiction to review the commis-
sioner's compliance with G. L. c. 30A. [448-449]
A taxpayer seeking an abatement of tax was not entitled to relief based on
the alleged failure of the appeal and review bureau of the Department
of Revenue to conduct adjudicatory proceedings in compliance with
§ 11 (7) of G. L. c. 30A, the State Administrative Procedure Act,
where the full adjudicatory hearing afforded the taxpayer before the
Appellate Tax Board would provide the same procedural protections as
§ 11 (7), and thus would fall within the scope of provisions of G. L. c.
30A, § 10, which eliminate the need for more than one hearing that
complies with G. L. c. 30A. [449-451]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 27, 1990.

A motion to dismiss was heard by *Barbara A. Dortch*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Andrew D. Frieze (Edward J. Neville, III,* with him) for
the taxpayer.

*Thomas A. Barnico*, Assistant Attorney General, for the Commissioner of Revenue.

LIACOS, C.J. On July 27, 1990, Space Building Corporation (Space) filed a complaint in the Superior Court against the Commissioner of Revenue (commissioner), seeking the abatement of certain sales taxes and a declaration that the commissioner at some point must conduct adjudicatory proceedings in accordance with G. L. c. 30A (1990 ed.) (Administrative Procedure Act) in making agency decisions. The commissioner moved to dismiss the complaint on the ground that Space had failed to exhaust its administrative remedy before the Appellate Tax Board (board). See generally G. L. c. 58A, § 7, and c. 62C, § 39 (1990 ed.). The judge granted the motion to dismiss, and Space appealed. We transferred the case to this court on our own motion. We reverse the judgment dismissing the action. In addition, we reach the procedural merits of the case and hold that Space is not entitled to relief based on an alleged failure by the commissioner to comply with the procedures set forth in G. L. c. 30A, § 11 (7).[1]

1. *Background.* For purposes of an appeal from the allowance of a motion to dismiss, we credit the factual allegations of the complaint. See *Manning* v. *Zuckerman*, 388 Mass. 8, 9 (1983), and cases cited. Space is a Massachusetts corporation that constructs and installs metal buildings. In 1987, following an audit, the commissioner issued seven notices of assessment to Space, assessing additional sales taxes against the corporation for the period between April 1, 1983, and June 30, 1986. Space paid the taxes, together with the interest accrued; it also filed applications for abatement with the Department of Revenue (department). The department's abatement bureau abated two of the seven assessments, and Space applied to the department's appeal and review bureau (bureau) for review of the remaining five assessments.

---

[1]We do not consider the question whether Space is entitled to abatements; that issue is pending before the board and should be decided there.

The appeal before us focuses on the procedures followed by the bureau. On May 9, 1989, a hearing on Space's applications was held before one official of the bureau. No record was made of the testimony presented. In a letter dated June 1, 1990, the bureau denied Space's applications. This decision was rendered by the chief of the bureau, who was not present at the hearing and thus who could not have heard or read the evidence in the case.

Space appealed from the bureau's decision to the board.[2] Focusing on the fact that the decision was rendered by an individual who had not heard its evidence, Space argued, inter alia, that the bureau had failed to comply with G. L. c. 30A, § 11 (7).[3] Space asserted that, pursuant to § 11 (7), it should have been given a proposed decision and an opportunity to file objections and present argument to a majority of the officials who would be deciding its case. At the same time, Space filed its complaint in the Superior Court, requesting a declaration that the bureau (the entity delegated

---

[2]The board exists within the Department of Revenue, but it is "in no manner" subject to the department's control. See G. L. c. 58A, § 1 (1990 ed.).

. [3]General Laws c. 30A, § 11 (7), reads as follows:

"If a majority of the officials of the agency who are to render the final decision have neither heard nor read the evidence, such decision, if adverse to any party other than the agency, shall be made only after (a) a tentative or proposed decision is delivered or mailed to the parties containing a statement of reasons and including determination of each issue of fact or law necessary to the tentative or proposed decision; and (b) an opportunity is afforded each party adversely affected to file objections and to present argument, either orally or in writing as the agency may order, to a majority of the officials who are to render the final decision. The agency may by regulation provide that, unless parties make written request in advance for the tentative or proposed decision, the agency shall not be bound to comply with the procedures of this paragraph."

Between the date of the hearing and the date of the decision, Space requested that the bureau comply with these requirements, but the bureau refused.

by the commissioner to review department decisions) must comply with G. L. c. 30A.[4]

2. *Exhaustion of administrative remedies.* As a general rule, where an administrative procedure is available, we require a party seeking declaratory relief first to exhaust the opportunities for an administrative remedy. See *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs*, 410 Mass. 100, 106 (1991); *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444, 450 (1973). We further recognize the legislative scheme that establishes the administrative remedies of G. L. c. 62C, §§ 37-40 (1990 ed.), as the "exclusive" remedies in abatement proceedings. See G. L. c. 62C, § 41 (1990 ed.). Nevertheless, "[w]e have held repeatedly, in the tax field, that a declaratory action is not ousted merely by the fact that the taxpayer has an administrative path to relief. Rather we have taken the view that the judge in such a case may still exercise a discretion as to whether the action should be entertained" (footnote omitted). *Sydney* v. *Commissioner of Corps. & Taxation*, 371 Mass. 289, 293 (1976). See *DiStefano* v. *Commissioner of Revenue*, 394 Mass. 315, 319 (1985). Exhaustion is generally required unless the administrative remedy is "seriously inadequate," and exceptions to the rule occur most often when important, novel, or recurrent issues are at stake, when the decision has public significance, or when the case reduces to a question of law. *Sydney, supra* at 294-295.

The current case displays the characteristics that would justify a decision to excuse a litigant's failure to exhaust administrative remedies. Only a question of law is in issue: whether the bureau must comply with the procedures set forth in G. L. c. 30A, § 11 (7), or whether review before the

---

[4]As noted, Space's complaint also asked the Superior Court to order the bureau to abate the assessments in question. Space had obtained a draft decision ordering abatement, written by the one bureau official present at its hearing. Space apparently claimed that this was the only decision reached in compliance with G. L. c. 30A and that it therefore must be the operative ruling.

board satisfies an applicant's procedural rights. The issue is certainly of wide public significance, affecting many taxpayers who seek administrative review of the commissioner's decisions, and it will arise repeatedly until resolved.

The judge erred in dismissing Space's claim on the ground of failure to exhaust administrative remedies because the board does not have jurisdiction to review the commissioner's compliance with G. L. c. 30A. See *Saint Luke's Hosp.* v. *Labor Relations Comm'n*, 320 Mass. 467, 470-471 (1946). "The board's jurisdiction is entirely limited by the statutes that confer it." *Lenson* v. *Assessors of Brookline*, 395 Mass. 178, 179 (1985). General Laws c. 58A, § 6 (1990 ed.), establishes the boundaries of the board's jurisdiction. Section 6 does not give the board jurisdiction over actions brought to compel agency compliance with G. L. c. 30A, nor does c. 30A, itself, confer such jurisdiction on the board. When the question before the court is purely one of law and when the lack of jurisdiction is clear, a judge should not require parties to spend valuable time and resources pursuing unnecessary administrative review. See *Gill* v. *Board of Registration of Psychologists*, 399 Mass. 724, 728 (1987); *Aronson* v. *Brookline Rent Control Bd.*, 19 Mass. App. Ct. 700, 703 (1985). Such was the situation in the instant appeal. There was no remedy to be pursued first before the board. It was error to dismiss Space's claim.

3. *Compliance with G. L. c. 30A.* The dispute between the parties concerns the commissioner's compliance with G. L. c. 30A. As an initial matter, both Space and the commissioner apparently agree on three points: (1) The department is an agency, as defined by G. L. c. 30A, § 1 (2); (2) the proceedings in the bureau did not conform with the procedural requirements for adjudicatory hearings as established in G. L. c. 30A, § 11; and (3) in cases involving an appeal from a decision of the commissioner, the proceedings of the board do

comply with § 11.[5] The commissioner argues that the bu-
reau's proceedings do not have to comply with § 11, because
a taxpayer can obtain a full adjudicatory hearing — one that
tracks the protections provided by § 11 — before the board.
See G. L. c. 30A, § 10 (so long as a party receives one
agency hearing that complies with G. L. c. 30A, all earlier
agency hearings "need not so comply").[6] Space argues that
the board is excluded from the definition of "agency," see
G. L. c. 30A, § 1 (2), as amended through St. 1968, c. 120,
§ 1; that a hearing before the board is not an "agency hear-
ing," see G. L. c. 30A, § 10; and that board hearings do not
relieve the commissioner of the obligation to conduct hear-
ings that comply with G. L. c. 30A. Space's counsel con-
ceded at oral argument that, if the board is an agency for
purposes of § 10, his argument fails. The question presented,
therefore, is whether the hearings before the board are the
equivalent of agency hearings for purposes of G. L. c. 30A,
§ 10.

We hold that, because the board, in cases involving deci-
sions of the commissioner, see note 5, *supra*, conducts hear-
ings within the scope of G. L. c. 30A, § 10, the commis-
sioner's hearings at the bureau need not comply with G. L.
c. 30A, § 11. General Laws c. 30A guarantees a party cer-
tain procedural rights in adjudicatory hearings at the admin-
istrative level, before the case reaches the judicial branch.
We interpret G. L. c. 30A, § 10, to establish that the guar-

[5]We take judicial notice of the board's rules and procedures. See *Cohen*
v. *Assessors of Boston*, 344 Mass. 268, 269 (1962). G. L. c. 30A, § 6.
When reviewing a decision of the commissioner, the board conducts a de
novo hearing that does in fact meet all the procedural requirements of G.
L. c. 30A, § 11. See G. L. c. 58A, § 1. The board, however, is not included
in the definition of an "agency" under G. L. c. 30A, § 1 (2).

[6]General Laws c. 30A, § 10, reads in pertinent part:

"When a party to an adjudicatory proceeding has the opportunity,
by provision of any law or by regulation, to obtain more than one
agency hearing on the same question, whether before the same
agency or before different agencies, it shall be sufficient if the last
hearing available to the party complies with the requirements of this
chapter, and the earlier hearings need not so comply."

antees of the chapter are satisfied, so long as a party receives a hearing that provides the same procedural protections as does G. L. c. 30A, § 11 (7). See *Yebba* v. *Contributory Retirement Appeal Bd.*, 406 Mass. 830, 837-838 (1990) (right to litigate issue satisfied by opportunity to do so before the Civil Service Commission — a body excluded from the definition of "agency," see G. L. c. 30A, § 1 [2]). A party such as Space that appeals from a decision of the commissioner to the board does receive such a hearing. The hearing is conducted de novo, with all the procedural protections guaranteed by c. 30A, and it is conducted by an administrative board, one that, although excluded from the definition of "agency," and thus not required to comply with G. L. c. 30A, is still "subject to general principles affecting administrative decisions and judicial review of them." *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.*, 355 Mass. 610, 612 n.1 (1969). The board's compliance with G. L. c. 30A provides parties with the procedural guarantees at the administrative level that eliminate the need for the duplication of such procedures at earlier hearings conducted by the commissioner.

4. *Conclusion.* We reverse the judgment of the Superior Court dismissing the plaintiff's complaint and remand the case to that court for entry of a declaratory judgment stating that the plaintiff has no right to an administrative proceeding governed by G. L. c. 30A, § 11 (7), before the appeal and review bureau of the Department of Revenue and that, further, the matter of abatements sought by the plaintiff is to be decided by the Appellate Tax Board.

*So ordered.*