A P EAST, INC. *vs.* BOARD OF ASSESSORS OF WESTBOROUGH (and two companion cases[1]). Nos. 94-P-1999, 94-P-2000, & 94-P-2001. March 13, 1996. *Taxation,* Real estate tax: abatement; Appellate Tax Board: jurisdiction. *Estoppel.*

For want of jurisdiction, the Appellate Tax Board dismissed these taxpayers' appeals from the assessors' denials of the taxpayers' respective applications for abatement of fiscal year 1993 real estate taxes. We affirm.

Under G. L. c. 59, § 59, as appearing in St. 1963, c. 125, abatement applications are to be filed "on or before the thirtieth day after the date on which the bill or notice was sent." The board found that each taxpayer's bill was sent on December 24, 1992, and, because the thirtieth day thereafter fell on a Saturday, the applications were due on Monday, January 25, 1993. Representatives of each taxpayer orally were told in January by someone in the assessors' office that the due date was February 1 and, in reliance thereon, each taxpayer filed its application or applications for abatement between January 26 and February 1.[2]

Relying upon *General Dynamics Corp.* v. *Assessors of Quincy,* 388 Mass. 24, 40-41 (1983), the taxpayers argue that the town's conduct should be construed as an admission to the effect that the fiscal year 1993 bills were sent no earlier than January 1, 1993 (which would make Monday, February 1, 1993, the operative due date). We disagree.

As a threshold matter, we note that there is a substantial question whether the decision in *General Dynamics* has particular relevance in reviewing a decision of the board. The Supreme Judicial Court, sua sponte, questioned the propriety of a local tax assessment matter such as was presented in *General Dynamics* coming before it on appeal from a decision of the Superior Court rather than from a decision of the board, noting that the Superior Court's exercise of jurisdiction over cases of such character was "disfavor[ed]", 388 Mass. at 30. In reaching that conclusion, the court stated: "A decision by one judge of the Superior Court on how to arrive at the fair cash value of property cannot have the same Statewide impact as a decision of the board. . . . Not only was there doubt whether the decision of the Superior Court judge would serve as a significant guide in other cases, there is also the possibility that our opinion may not furnish as firm a guide as would an opinion of this court following a decision of the board." *Id.* at 28. In view of our conclusion that *General Dynamics* is distinguishable in any event, we do not decide whether that case is binding precedent in this context.

In *General Dynamics,* the parties had submitted a stipulation of facts

---

[1]CB Westborough, Ltd. *v.* Board of Assessors of Westborough and WRC Properties, Inc. *v.* Board of Assessors of Westborough.

[2]There was evidence before the board that ninety-one applications for abatement of fiscal year 1993 taxes were filed, of which twenty-two were filed after January 25 and on or before February 1. The assessors granted abatements on seven applications filed after January 25, although the board found that there was no evidence concerning the circumstances attendant to granting these abatements, i.e., that the assessors were aware of the due date of the applications when they granted the abatements or that the assessors knowingly disregarded the law.

which did not conclusively establish the date upon which the tax bills were mailed. Compare *Singer Sewing Mach. Co.* v. *Assessors of Boston*, 341 Mass. 513, 518-520 (1960). The Supreme Judicial Court summarized the stipulation as follows: "The city's treasurer-collector would have testified that all real estate tax bills for fiscal year 1977 were stamped on the collector's postage meter and mailed on Friday, October 29, 1976, and that he personally delivered them to the Quincy post office (presumably on that day). On November 1, 1976, the treasurer-collector posted a notice that the 1977 fiscal year tax bills 'were mailed on or before November 1, 1976 and are due and payable on or before December 1, 1976.' " *General Dynamics* v. *Assessors of Quincy*, 388 Mass. at 40. In addition, the parties stipulated that the blank applications for abatement which the taxpayer had obtained from the Quincy assessors' office had been prestamped as "Due December 1st", that the city granted abatements as to sixty-eight parcels for which they received applications on November 30 and December 1 and that the city did not collect interest from, nor levy interest charges on, numerous taxpayers who paid taxes on those dates. *Id.* at 41. In view of the confusion created by the treasurer-collector as to when the tax bills were mailed, the court looked to what the city officials did regarding the tax bills to resolve that factual issue and the subsidiary issue whether the taxpayer's abatement applications were timely. The court made the factual finding that the city officials concerned with mailing the tax bills regarded November 1 as the relevant date, "giv[ing] great weight to what those officials did shortly after the delivery of the tax bills to the post office for mailing." *Ibid.* Upon that finding, the court concluded that the taxpayer's applications were filed within the statutory time limit.

No such inquiry need be made in the present case, where it is undisputed that the bills were mailed on December 24 and that, under § 59, the abatement applications were required to have been filed no later than January 25. In these circumstances, where the date of mailing is established, the subsequent actions of the municipal officials are irrelevant to a determination whether abatement applications are filed within the time permitted under the statute. The taxpayers' applications in this case were untimely. It is one of the more familiar principles of Massachusetts law that, the applications having been filed beyond the statutory period, the board lacked jurisdiction over the taxpayers' appeals. See *Assessors of Boston* v. *Suffolk Law Sch.*, 295 Mass. 489, 492 (1936); *Roda Realty Trust* v. *Assessors of Belmont*, 385 Mass. 493, 495-496 (1982); *Bible Baptist Church of Plymouth, Inc.* v. *Assessors of Plymouth*, 391 Mass. 1015, 1016 (1984); *Tilcon Mass., Inc.* v. *Commissioner of Rev.*, 30 Mass. App. Ct. 264, 266-267 (1991).

The taxpayers assert, however, that the assessors should be estopped from raising the untimeliness of the applications because a representative (or representatives) from the assessors' office informed the taxpayers' authorized agents of the wrong due date for filing. We disagree. Application of the doctrine of estoppel against the government in the exercise of its official duties is disfavored. See *Corea* v. *Assessors of Bedford*, 384 Mass. 809, 809 (1981); *Freetown* v. *Zoning Bd. of Appeals of Dartmouth*, 33 Mass. App. Ct. 415, 420 (1992); *Highland Tap of Boston, Inc.* v. *Commissioner of Consumer Affairs & Lic. of Boston*, 33 Mass. App. Ct. 559, 568 (1992); *Municipal Light Co.* v. *Commonwealth*, 34 Mass. App. Ct. 162, 167 (1993).

"In Massachusetts, . . . one relies at his peril on representations by a government official concerning legal requirements. [Citations omitted.] Particularly where misstatements about the effect of applicable rules and regulations relied upon are oral, reliance on them may not be regarded as reasonable." *Harrington* v. *Fall River Hous. Authy.*, 27 Mass. App. Ct. 301, 309-310 (1989). See *O'Blenes* v. *Zoning Bd. of Appeals of Lynn*, 397 Mass. 555, 558-559 (1986). We perceive no reason that would warrant a different conclusion in these cases.

*Decisions of the Appellate Tax Board affirmed.*

*Alan B. Rubenstein* for the taxpayers.

*Alan F. Dodd* for the Board of Assessors of Westborough.