JOHN P. GARRITY, trustee,[1] *vs.* BOARD OF ASSESSORS OF BELMONT. No. 96-P-818. August 6, 1997. *Jurisdiction,* Appellate Tax Board. *Taxation,* Real estate tax: abatement, Appellate Tax Board: jurisdiction.

Essential to practice before the Appellate Tax Board (board) is understanding that an appeal must be taken within three calendar months from the date of the assessors' denial of an application. See *Berkshire Gas Co.* v. *Assessors of Williamstown*, 361 Mass. 873 (1972). The procedure for filing an appeal is set out in G. L. c. 59, § 65, as amended by St. 1989, c. 718, § 7.[2]

---

[1] Of J.P. Trust.

[2] In pertinent part, § 65 reads:

> "A person aggrieved as aforesaid with respect to a tax on property in any municipality may, subject to the same conditions provided for an appeal under section sixty-four, appeal to the appellate tax board by filing a petition with such board within three months after the date of the assessors' decision on an application for abatement as provided in section sixty-three, or within three months after the time when the application for abatements is deemed to be denied as provided in section sixty-four."

What occasions this appeal is that Garrity, the taxpayer, missed the three-month deadline by over five weeks.

In brief outline, this is what occurred. On October 17, 1995, Garrity filed an application to abate the real estate tax on an unoccupied nineteenth century two-story farmhouse. His application was denied on November 6, 1995; notice was received by him on November 21, 1996. Garrity, an attorney, prepared the appeal papers and sent them to the board by certified mail on January 30, 1996, about a month shy of the three-month filing deadline. No one seems to know what happened next. The board claims to have never received them and the United States Postal Service found no record of delivery. The postmaster's return receipt bears no signature and was returned to Garrity on February 28, 1996, twenty-two days after the deadline elapsed. To salvage his position, Garrity petitioned the board to allow late entry of the appeal. As grounds, he pleaded due diligence, negligence on the part of an unknown person, and lack of prejudice. After a hearing, the board denied the petition without giving any reason.

Under the guise of arguing that an equitable basis exists for the board to permit late filing, Garrity adverts to language in § 7 of G. L. c. 58A, which permits the board to consider claims which in "equity and good conscience" were not specifically set out in the petition upon appeal or raised in the answer. To the extent that the taxpayer's brief may be read as raising the issue now, we reject it. As suggested by the board in its brief, there is no petition before the board to which § 7 of c. 58A applies. Without authority for the proposition, we need not consider the point further. See Mass.R.A.P. 16(a)(4), as amended by 367 Mass. 921 (1975). *Lolos* v. *Berlin*, 338 Mass. 11, 13-14 (1958). As a matter of policy, we have not, even if there is substantial hardship to an owner, permitted equitable principles to supersede jurisdictional requirements of administrative boards. See *Franklin County Realty Trust* v. *Assessors of Greenfield*, 391 Mass. 1018 (1984); *Lenson* v. *Assessors of Brookline*, 395 Mass. 178 (1985).

This case presents a situation analogous to that in *Assessors of Marlborough* v. *Commissioner of Rev.*, 383 Mass. 876 (1981). There, the controlling statute, G. L. c. 58, § 10B, set a June 20 deadline for filing an appeal to the Commissioner of Revenue. The taxpayer missed the mark by three days, and the court held that the commission lacked jurisdiction to consider the assessors' appeal. That was the case even though the petition had been sent by certified mail before the expiration of the filing period. The same result obtains here. The cases hold that jurisdictional requirements may not be waived by the board. *Old Colony Co.* v. *Assessors of Quincy*, 305 Mass. 509 (1940). *New Bedford Gas and Edison Light Co.* v. *Assessors of Dartmouth*, 368 Mass. 745 (1975). *Stilson* v. *Assessors of Gloucester*, 385 Mass. 724, 732 (1982). *Tilcon Mass., Inc.* v. *Commissioner of Rev.*, 30 Mass. App. Ct. 264 (1991).

*Decision affirmed.*

*John P. Garrity* for the plaintiff.
*Kevin Blanton* for the defendant.